**HURST et al.   v.   BROWN et al.**
No. 35414.

Supreme Court of Oklahoma.
Jan. 27, 1954.

———◆———

Clem H. Stephenson, Wewoka, for plaintiff in error.

Earl A. Davis, Wewoka, for defendant in error.

HALLEY, Chief Justice.

This action was commenced in the District Court of Seminole County by H. O. Brown against Herman L. Hurst and others for the dissolution of a mining partnership and an accounting. H. O. Brown will be referred to by name or as the plaintiff and the other parties as defendants.

Herman L. Hurst owned an oil and gas lease known as the Gaines Lease and described as covering the Southeast Quarter (SE/4) of the Northwest Quarter (NW/4) of Sec. 20–6N–7E in Seminole County. He assigned interests in this lease to H. O. Brown and others to secure funds for drilling the Gaines No. 1 well, which came in as a producer. Afterwards Frank Vroman and the DeLaittre group acquired an interest in this lease and became mining partners.

Later Brown, Hurst and others acquired, with money advanced by Brown, the Jackson Lease, the Hailey Lease and the Harber Lease. Hurst owned a lease known as the Payne Lease, and assigned an interest therein to his wife, Gustille Hurst. She denied that she was a member of the mining partnership and it appears that the others knew that she had purchased the interest claimed by her from her husband. The partnership drilled the Gaines well No. 2 and the Gaines well No. 3 and also the Hailey well No. 1. A slush pit was dug on the Payne Lease but no well was drilled thereon.

H. O. Brown appears to have advanced most of the money to carry on the activities of the mining partnership and instituted this action to dissolve the partnership and impress a lien upon the interests of his partners who had failed to pay their proportionate share of the costs of operations. Gustille Hurst sold her interest in the Payne lease for $1,500. H. O. Brown garnisheed that sum in the hands of her grantee, the Comet Oil Co., which bought the various interests of the other mining partners except those held by Vroman and the DeLaittre group.

September 12, 1947, the trial court rendered judgment for H. O. Brown against Herman L. Hurst for $3,502.01; against Frank Vroman and the DeLaittre group for $1,421.61 each, and giving Brown a lien upon the interests of Vroman and the DeLaittres. The garnishment of $1,500 due Gustille Hurst was sustained and this sum ordered paid to H. O. Brown.

This judgment was appealed from by the defendants and it was Case No. 33,838 in

this Court. On May 1, 1951, the judgment was affirmed in part and reversed in part by this Court. Hurst v. Brown, 204 Okl. 697, 233 P.2d 965. When the mandate was received by the trial court, judgment was entered thereon, making the following changes in the original judgment by the trial court. This Court ordered that: (1) The personal judgment against Frank Vroman and the DeLaittres should be reduced from $1,421.61 each to $774.95 each, primarily because these defendants had acquired their interests after the completion of the Gaines well No. 1 and the slush pit on the Payne lease and had not expressly assumed such obligations. A lien was awarded H. O. Brown against the interests of these two defendants in the Gaines well No. 1, but we think it was clearly intended that this lien cover the entire Gaines lease. (2) The judgment of $4,502.01 against Herman L. Hurst was increased by the same amount as the judgments against Vroman and the DeLaittres were reduced, and H. O. Brown was given a first lien against the interests of Vroman and the DeLaittres on the "Payne" lease described as the Southeast Quarter of the Northwest Quarter, which clearly describes the Gaines lease. (3) H. O. Brown was also given judgment against the Standard Accident Insurance Co. on supersedeas bonds given by Vroman and the DeLaittres in the sum of $1,421.61 each. (4) Gustille Hurst was given a judgment against H. O. Brown for the $1,500 due her and which H. O. Brown had garnisheed. (5) Costs of appeal were equally divided between the plaintiff, H. O. Brown and the defendants, the costs of appeal being $263.50. Interest at 6 per cent was allowed on the above judgment from September 12, 1947, the date of the original judgment.

Defendants have appealed from the above decree on the mandate and contend that it does not comply with the terms of the mandate. There is no dispute that when a mandate is issued it is the duty of the trial court to comply therewith.

Defendants complain that the court rendered judgment against the surety on the supersedeas bonds filed by Vroman and the DeLaittres for more than was authorized by the mandate. It is true that these personal judgments were reduced by the mandate from $1,421.61 each to $774.95 each and judgment against the surety was entered for $1,421.61 each, in favor of H. O. Brown. The surety on the supersedeas bonds has apparently made no complaint. While the mandate reduced the personal judgments in favor of Brown and against Vroman and the DeLaittres, it also provided that H. O. Brown should have a lien on the Gaines well No. 1, which was completed before these defendants acquired their interest in this lease. While it is stated that this lien should be against the Gaines well No. 1, and all production therefrom and all personal property connected therewith, we are certain, and so hold, that this court intended that the lien awarded be a lien on the entire Gaines leasehold estate as is provided by Sec. 7, 54 O.S.1951, for one who furnishes labor or materials in the development of an oil and gas lease. H. O. Brown did this and was entitled to a lien on the entire Gaines lease and we find no error in the order of the trial court in granting a lien on the entire Gaines lease.

When the trial court received the mandate it found that the defendants, Vroman and the DeLaittres, had received their share of the proceeds of the production from the Gaines lease against which plaintiff had been granted a prior lien. The court recited that the decree here included the sums for which personal judgments had been rendered against Vroman and the DeLaittres, who were principals on the supersedeas bonds, and also for the sums held to constitute a lien against the Gaines lease, and "for the reason that it has been made to appear that since the filing of said supersedeas bonds, the said principals have received their proportionate part of the oil produced on the lease on which said plaintiff was awarded a lien."

We must assume that the trial court had the above facts when he entered his decree on the mandate and was undertaking to carry out the spirit of the mandate by securing the plaintiff in the payment of the full amount awarded him and thus giving effect to the true meaning and intent of the

mandate. The supersedeas bonds were executed by Vroman and the DeLaittres for the express purpose of insuring plaintiff in the full payment of the judgment in his favor, should it be affirmed by this court. The personal judgment against Vroman and the DeLaittres was reduced, but the amount of the reduction as to them was added to the personal judgment against Herman L. Hurst and was properly secured by lien against the property of the mining partnership, and for the payment of this judgment the surety on the supersedeas bonds was properly bound.

Defendants contend that the court erred in giving the plaintiff a lien against the entire Gaines lease and that the lien should have been awarded against the Gaines well No. 1 only.

The rule is well established in this State that where one mining partner advances more than his proportionate share of the costs of developing an oil and gas lease that he has a lien thereon against the interests of the other mining partners who have failed to pay their proportionate share of the costs.

In Lyons v. Stekoll, 186 Okl. 94, 96 P.2d 60, 65, the court said in the body of the opinion:

"* * * One of the particular rights which a member of such a partnership possesses is the right to a lien upon the shares of his partners in the partnership property for funds he has advanced for the operation of said business in excess of his share of said expenditure. * * *"

In Kennedy v. Beets Oil Co. 105 Okl. 1, 231 P. 508, the rule is announced in the third syllabus as follows:

"A member of a mining partnership, who advances more than his share of the money to operate or develop oil lands, has a lien on his partner's share to the extent of his overadvancement on final accounting."

See also Barrett v. Buchanan, 95 Okl. 262, 213 P. 734.

We think it is clear that H. O. Brown was entitled to a lien against the entire leasehold estate and all production there-from and all personal property located thereon and used in the development or operation of the lease.

It is next contended that the Court incorrectly assessed the costs of appeal equally between the parties. This is an equity case. In Bosworth v. Eason Oil Co., 202 Okl. 359, 213 P.2d 548, 550, the rule is announced in the third syllabus as follows:

"Costs in an equitable action may be taxed by the trial court as in its discretion may seem just and proper, and its judgment will not be reversed on appeal unless there appears to have been an abuse of that discretion."

Sec. 978, 12 O.S.1951, is as follows:

"Costs on appeal.—When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties. R.L.1910, § 5261."

Sec. 930, 12 O.S.1951, provides:

"Costs in other cases—Apportionment of costs—Discretion of court.— In other actions, the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable. R.L.1910, § 5231."

In Hoffman v. Morgan, 206 Okl. 567, 245 P.2d 67, 68, 30 A.L.R.2d 1141, it was said in the fourth syllabus:

"An action to quiet title to mineral interests is of equitable cognizance, and in taxing the costs, the Court is governed by Title 12, Section 930, O.S.A., which provides that 'the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable.'"

We find no reason for disturbing the order of the trial court in dividing the costs of appeal equally between the parties.

The fourth issue is submitted without argument or authority. The trial court

originally allowed the attorney for Gustille Hurst a fee of $300 for representing her in the trial court and on appeal. It is contended that such sum is grossly inadequate but no evidence was offered to sustain such contention.

■■ There are statements of fact in the briefs of the parties which are in direct conflict. The defendants claim that the Gaines well No. 1 never paid out. The plaintiff states and submits figures to show that the well produced considerably more than its costs. It is also stated that the Gaines well No. 3 produced in excess of its costs. Since this is an appeal on transcript, we do not feel that the Court should consider statements of facts submitted in the briefs.

The judgment of the trial court is hereby affirmed.

JOHNSON, V. C. J., and WELCH, CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.