**Bill O. ANDRESS, Appellant and Cross–Appellee,**

v.

**Frank D. BOWLBY, Ms. Ann E. Carson, Ms. Linda C. Wedel, Mr. Clark Bass, The Estate of C.E. Bowlby, Jr., The Estate of Elizabeth B. McWilliams, Appellees and Cross–Appellants.**

No. 62363.

Supreme Court of Oklahoma.

May 23, 1989.

Gotcher, Brown and Bland by Warren Gotcher, McAlester, for appellant and cross-appellee.

Richard P. Cornish, McAlester, for appellees and cross-appellants.

## MEMORANDUM OPINION

LAVENDER, Justice:

Appellant Bill O. Andress was the holder of oil and gas leasehold interests covering property in which surface ownership was held by appellees. Appellant filed a petition in the District Court of Pittsburg County alleging that he had attempted to negotiate with appellees to establish the amount of surface damages resulting from appellant's proposed drilling operations on the property, but that the parties had been unable to reach a settlement in the matter. Appellant requested appointment of appraisers pursuant to 52 O.S.Supp.1982 § 318.5(A).

Appraisers were appointed and instructed by the trial court. The appraisers returned a report finding surface damages to appellees' property resulting from appellant's drilling activities in the amount of $7500. Both appellant and appellees filed demand for jury trial pursuant to § 318.5(F).

On the day set for commencement of the jury trial appellant withdrew his demand for jury trial. The cause was tried to a jury under appellees' request and verdict was rendered finding surface damages in the amount of $20,000, and judgment was rendered on this verdict. Appellees moved for assessment of costs, attorney fees and expert witness fees against appellant pursuant to 52 O.S.Supp.1982 § 318.5(F). The trial court granted the motion as to court costs but denied the motion as to attorney fees and expert witness fees.

Appellant appeals from the judgment rendered on the jury verdict. Appellees have cross-appealed from the trial court's ruling denying attorney and expert witness fees.

On appeal appellant presents four propositions of error. The first argument presented challenges the constitutionality of the application of the Oklahoma oil and gas surface damages act, 52 O.S.Supp.1982 §§ 318.2 through 318.9, to the present case. The arguments presented have been rejected by this Court in the case of *Davis Oil Company v. Cloud,* 766 P.2d 1347 (Okla. 1986).

■ Appellant's second proposition of error challenges the instructions given to the jury by the trial court. Appellant argues that the jury should have been instructed as to the proper method of assessment of temporary damages. As we stated in *Davis,* supra, the damages to be assessed by the jury in a surface damages act case is the diminution of the fair market value of the surface estate resulting from the drilling operations. In the present case the jury was properly instructed as to this issue.

■ Appellant's third proposition challenges the trial court's evidentiary ruling excluding from evidence a letter from one of the appellees to appellant concerning negotiations for use of an existing well to dispose of salt water produced from the well drilled which is the subject of this action. As stated in the previous paragraph, the issue for determination by the jury in this case was the diminution in fair market value of the surface estate resulting from appellant's drilling operations. We do not see that the trial court abused the discretion vested in it pursuant to 12 O.S.1981 § 2403. Any relevance this letter may have had to the issue of loss of market value was clearly outweighed by the likelihood of prejudice or confusion of the issues. Further it appears from appellant's argument that this letter was presented as bearing on the issue of temporary damages, an issue not properly before the jury.

■ Appellant's final proposition of error presents the argument that the trial court improperly allowed testimony concerning future events. We find no merit to

this argument as 52 O.S.Supp.1982 § 318.5(C) clearly indicates that future events may be considered in determining loss of market value.

■ Turning to the single proposition of error presented by the cross-appeal, we find merit in appellees' argument that attorney fees should have been awarded to them under 52 O.S.Supp.1982 § 318.5(F), which provides, in pertinent part:

"If the party demanding jury trial does not recover a verdict more favorable to him than the assessment award of the appraisers, all court costs including reasonable attorney fees shall be assessed against him."

Appellant argues that since he withdrew his demand for jury trial before the trial actually commenced, he cannot have attorney fees assessed against him.

In the case of *Oklahoma City Urban Renewal Authority v. Lindauer*, 534 P.2d 682 (Okla.1975) this Court dealt with 66 O.S.1971 § 55, which provided, in pertinent part:

"If the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the district court may be taken against him."

In that case the Court construed this language as having the effect of allowing the trial court to grant costs to the party seeking the jury trial when that party was successful in obtaining a verdict in excess of the commissioners' award, stating, at 685:

Either party aggrieved by the commissioner's award may have the damages determined by a jury. If such party receives a verdict in excess of the commissioners' award, then that party is entitled to recover cost of the jury trial. If such party is unsuccessful, the court may, at its discretion, tax the cost to that unsuccessful party. In the instant case, the appellant owners were successful in increasing the commissioners' award and are entitled to recover cost of the jury trial.

Applying this reasoning to the present case would find that § 318.5(F) would support appellees' claim to entitlement of an award of attorney fees as well as costs as the statute uses the mandatory form "shall be assessed." We find this result further justified as *Lindauer* involved interpretation of the statutes dealing with railroad condemnation actions and § 318.5(F) directs that actions tried to the jury under the surface damages act be conducted in the same manner as railroad condemnation actions.

■ Under this provision we find appellees' claim for attorney fees to be well founded. We do not, however, agree that the provision supports a claim for expert witness fees. Such fees are only recoverable when specifically made so by statute. Section 318.5(F) only speaks to court costs and reasonable attorney fees. The term court costs does not include expert witness fees. *Okla. City Urban Renewal Authority v. Lindauer*, 534 P.2d at 685.

We must reject appellees' argument that the statement in § 318.5(F) that directs that actions tried to the jury be conducted in the same manner as railroad condemnation cases necessarily implies that the statutory provision which allows the assessment of expert witness fees in such cases, 66 O.S.1981 § 55(D), applies to authorize their recovery here. Although § 318.5(F) indicates that such cases are to provide a procedural framework for surface damage acts, the same provision also contains its own provision for assessing court costs and attorney fees. Were we to take the approach proposed by appellees, we would necessarily find this language regarding court costs and attorney fees to be mere surplusage. This would be contrary to basic tenets of statutory construction. Here the Legislature has set forth a provision for assessment of costs and attorney fees which applies specifically to surface damage act cases. We must read the act so as to give full effect to the language used.

The judgment of the trial court rendered on the jury verdict is *AFFIRMED*. The

cause is *REMANDED* for entry of an award of attorney fees in favor of appellees.

HARGRAVE, C.J., and HODGES, SIMMS, DOOLIN, ALMA WILSON and KAUGER, JJ., concur.

OPALA, V.C.J., and SUMMERS, J., concur by reason of stare decisis in the disposition of the appeal; concur in the disposition of the counter appeal.