**TXO PRODUCTION CORPORATION, a Delaware corporation, and Marathon Oil Company, an Ohio corporation, Appellants,**

v.

**Damian E. STANTON, Appellee.**

**No. 78018.**

Court of Appeals of Oklahoma, Division No. 2.

Aug. 11, 1992.

Certiorari Denied Jan. 26, 1993.

Linda A. King, King & King, Edmond, for appellants.

11. *Handy,* 835 P.2d at 871.

12. *Doyle,* 801 P.2d at 720.

13. 12 O.S.1991 § 95 (Second).

Kenneth R. Johnston, Allen, Allen, Johnston & Tack, Chickasha, for appellee.

REIF, Judge.

The sole issue presented is whether a landowner can recover attorney fees in a proceeding under the Surface Damages Act, 52 O.S.1991 § 318.2 through 318.9, when the jury verdict exceeds the court-appointed appraisers' assessment by ten percent or more. In the proceeding below, the jury verdict of $22,000 was just over three times the appraisers' damage assessment of $6,850, and the trial court granted landowner an attorney fee of $15,000. Plaintiff oil and gas developer does not dispute that this was a reasonable attorney fee, but contends that there is no authority to award an attorney fee in cases such as this.

Plaintiff oil and gas developer points out that the *only* provision in the Surface Damages Act that addresses attorney fees is § 318.5(F). This section provides that costs and attorney fees shall be assessed against a party demanding a jury trial when the party *fails to recover* a verdict more favorable than the award of appraisers. Landowner acknowledges the limited application of § 318.5(F), but argues that attorney fees can *also* be awarded a landowner in cases such as this pursuant to 66 O.S.1991 § 55(D) of the railroad condemnation procedure. Landowner relies on the directive in § 318.5(F) that the trial of surface damage proceedings "shall be conducted and judgment entered in the same manner as railroad condemnation cases."

Both parties cite *Andress v. Bowlby*, 773 P.2d 1265 (Okla.1989), as support for their respective positions concerning the applicability or inapplicability of 66 O.S.1991 § 55(D) in surface damage cases. However, the *Andress* case furnishes little guidance, because it involved a request for attorney fees that fell squarely within § 318.5(F). *Andress* did not reach the situation presented by the case at bar and must be read as a rejection of applying 66 O.S.1991 § 55(D) in surface damages cases *only* with respect to recovery of expert fees as part of the "costs" that are otherwise re-

coverable under § 318.5(F). The holding of *Andress* is simply that a party who is entitled to attorney fees and costs under the surface damages act can recover only such costs that are generally recoverable by a prevailing party.

The controlling principle in determining whether a statute authorizing attorney fees applies to a particular proceeding is "the underlying nature of the suit." *See Burrows Const. Co. v. Indep. School Dist. No. 2*, 704 P.2d 1136, 1138 (Okla.1985). "[T]he nature of the action under the surface damages act clearly partakes of the nature of a condemnation action." *Davis Oil Co. v. Cloud*, 766 P.2d 1347, 1353 (Okla.1986) (footnote omitted). Accordingly, we hold that the legislature did not intend to restrict the recovery of attorney fees to situations covered by § 318.5(F), but contemplated application of 66 O.S.1991 § 55(D), by virtue of the kindred nature of those actions and the reference to the railroad condemnation statutes in § 318.5(F).

AFFIRMED.

RAPP, P.J., and BRIGHTMIRE, J., concur.