**Ruth A. and Meryl K. WILLIAMS, Husband and Wife, Appellants,**

v.

**INDEPENDENT SCHOOL DISTRICT # 7 OF HARRAH, Oklahoma County, Oklahoma, and John K. Childers, Appellees.**

**No. 81803.**

Court of Appeals of Oklahoma, Division No. 3.

June 7, 1994.

Certiorari Denied Sept. 14, 1994.

Taylor K. Hammett, Midwest City, for appellants.

David W. Kirk, Oklahoma City, for appellees.

## OPINION

HUNTER, Presiding Judge:

Appellants seek review of the trial court's dismissal of their action against Appellee pursuant to the Governmental Tort Claims Act (the Act), 51 O.S.1991 § 151 et seq. Appellants also claim error in the trial court's denial of their motion to amend their petition. We affirm.

Ruth Williams was injured on December 17, 1991 when a school bus owned by the Appellee school district and being driven by John K. Childers, its employee, backed into Williams' car. Notice of the claim, pursuant to the Act was given to the school district on either January 10, 1992 or January 13, 1992. The claim was deemed denied by operation of law ninety days later. 51 O.S.1991 § 157(A). Appellants filed their lawsuit several days after the statute of limitations had expired on the cause of action. 51 O.S.1991 § 157(B). Appellees filed a motion to dismiss on the grounds that, (1) the action was not filed within the limitations period under the Act, and (2) Childers was immune under the Act

because he was acting as an agent of a governmental entity within the scope of his employment at the time of the accident. Appellants failed to timely respond to the motion to dismiss.

Appellees' motion for a protective order to prevent the deposition of their liability insurer's adjuster was denied in part and the trial court stayed the proceedings while Appellees sought a writ of prohibition from the Oklahoma Supreme Court in Case No. 80,604. The Supreme Court assumed original jurisdiction and issued a writ prohibiting the deposition of the adjuster to be taken. In its order, the Supreme Court specifically stated:

> "The purpose of taking that deposition is to show ongoing negotiations as to the personal injury claim of the district court litigation. *Whitley v. Oolagah [Oologah] S.D. I–4 of Rogers Cty.* Okl., 741 P.2d 455 (1987) is not controlling in present case. Both subsections A and B, 51 O.S.1991, § 157, have been amended since *Whitley, supra,* so as to not extend the time periods involved by continued attempts to settle the claim. Also, *Whitley, supra,* involved not only the partial settlement but promises to settle the remainder of the claim."

Upon remand, Appellees' motion to dismiss was granted at a hearing at which Appellants did not appear or respond. Appellants moved for reconsideration, which was granted by the trial court. They also filed an application to amend their petition and filed a response to Appellees' motion to dismiss. Upon hearing, the trial court again sustained Appellees' motion to dismiss and denied Appellants' request for leave to file an amended petition. Those rulings are now the subject of this appeal.

■ On review of a decision to grant or deny a motion to dismiss, we will view the pleadings in the light most favorable to the non-moving party, keeping in mind that a petition should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Kish v. City of Oklahoma City,* 859 P.2d 1131 (Okl.App.1993).

■ Appellants allege that their action should not have been dismissed because the statute of limitations in 51 O.S.1991 § 157(B) was tolled by partial settlement and promises allegedly made by Appellees to settle the remainder of Appellants' claim. In support of their allegation, Appellants rely on the case of *Whitley v. Oologah Ind. School District No. I–4 of Rogers County,* 741 P.2d 455 (Okl.1987), wherein the Supreme Court held that partial settlement of a claim and continuing negotiations can estop a municipality from relying on the Act's statute of limitations provided in Section 157(B). However, as the Supreme Court noted in its order in Case No. 80,604, Section 157 has been amended since *Whitley,* to prohibit the extension of the limitations period based on attempts to settle, in pertinent part, as follows:

> "... Neither the claimant nor the state or political subdivision may extend the time to commence an action by continuing to attempt settlement of the claim." 51 O.S. 1991 § 157(B).

■ The Supreme Court's order in the original appeal of this case in Case No. 80,-604 specifically stated that *Whitley* is not controlling in the present case. The law of the case doctrine operates to bar relitigation of the issues now alleged by Appellants in this appeal which were settled by the Supreme Court's order. *McDonald v. Humphries,* 810 P.2d 1262, 1266 (Okl.1990); *Muncrief v. Memorial Hospital,* 767 P.2d 400, 403 (Okl.1989). The law set forth in that order controls all subsequent proceedings and will not be reversed in this second appeal unless the former decision is palpably erroneous and the court is satisfied that a gross or manifest injustice has been done, or that the mischief to be cured far outweighs any injury that may be done by overruling the prior opinion. *Cavett v. Peterson,* 688 P.2d 52, 57 (Okl.1984). While we find no such injustice or mischief involved in this case, we are also mindful that the Court of Appeals cannot overrule an opinion of the Oklahoma Supreme Court and we are thus bound by their previous decision. *Wimberly v. Buford,* 660 P.2d 1050 (Okl.1983). The statute of limitations was not tolled by settlement attempts and Appellants' action was properly dis-

missed as out of time. The trial court also properly dismissed the action as to Appellee Childers because he was immune from liability as an employee acting within the scope of his employment at the time the alleged tort was committed. 51 O.S.1991 § 152.1(A).

■ We further find no merit in Appellants' argument that they should have been allowed to amend their petition pursuant to 12 O.S.1991 § 2012G, which provides that the trial court should grant leave to amend the petition if the defect can be remedied. Because Appellants' action was time barred, no amendment of the petition could remedy this fatal defect, and the trial court properly denied Appellants' motion to amend.

AFFIRMED.

GARRETT, V.C.J., and BAILEY, J., concur.