2006 OK CIV APP 146

**Robert W. STICKNEY, Plaintiff/Appellant,**

v.

**KANSAS CITY LIFE INSURANCE COMPANY, Defendant/Appellee.**

**No. 100,977.**

Court of Civil Appeals of Oklahoma, Division No. 4.

March 28, 2006.

Rehearing Denied May 17, 2006.

Certiorari Denied Oct. 3, 2006.

Bradley D. Brickell, Christine R. Fritze, Brickell & Associates, Oklahoma City, OK, for Appellant.

Michael D. Gray, Rodney C. Ramsey, Britton, Ramsey and Gray, P.C., Oklahoma City, OK, for Appellee.

Opinion by JOHN F. REIF, Judge.

¶ 1 This appeal arises from proceedings on remand from an earlier appeal, *Stickney v. Kansas City Life Insurance Company*, 2001 OK CIV APP 72, 25 P.3d 924 (*Stickney I* ). The opinion in *Stickney I* reversed a judgment in favor of Mr. Stickney on various tort claims and a contract claim that stemmed from the termination of his general agency agreement by Kansas City Life. The appellate court reversed the judgment on the tort claims on the ground that they failed as a matter of law; it reversed the judgment con-

cerning the contract claim because the appellate court "[could not] determine from the appellate record ... what the court and jury decided about [Mr.] Stickney's claim that a portion of earned commissions have not been paid." *Id.* at ¶ 23, 25 P.3d at 929. The appellate court directed that "[t]he trial court shall conduct such additional proceedings as are necessary and proper to finally determine this issue." *Id.*

¶ 2 Following a non-jury trial on remand, the trial court ruled Mr. Stickney could not recover for certain renewal and service commissions, finding Kansas City Life was entitled to cease paying such commissions upon termination of the parties' contract. The trial court also determined Kansas City Life did not owe Stickney any further deferred compensation. The trial court did award Mr. Stickney $18,864.30 for first year general agent commissions on premiums collected for policies sold by his agents in the 12–month period preceding April 1, 1993. The trial court also denied Mr. Stickney's request for attorney fees and prejudgment interest. Mr. Stickney appeals.

¶ 3 Mr. Stickney's brief-in-chief casts the issues to be determined on appeal in the form of four requests for relief. The first request seeks re-examination of *Stickney I* based on alleged manifest injustice and inequity that would result from following *Stickney I* as law of the case.

¶ 4 The second request seeks reversal of the trial court's refusal on remand to apply the measure of damages set forth in *Hall v. Farmers Insurance Exchange*, 1985 OK 40, 713 P.2d 1027 (that includes recovery of future commissions), and the court's use, instead, of a measure of damages based on compensation earned during the term of the contract. This second request also encompassed errors in the trial court's determination of compensation earned during the term of the contract.

¶ 5 The third request for relief seeks reversal of the trial court's decision to deny Mr. Stickney additional deferred compensation on remand. Mr. Stickney contends this denial resulted from allowing Kansas City Life to elicit testimony from Mr. Stickney about the deferred compensation plan *after*

the evidence offered by Kansas City Life on this same subject was excluded for Kansas City Life's failure to produce the evidence prior to trial on remand.

¶ 6 The fourth request for relief seeks reversal of the trial court's refusal to award prejudgment interest and attorney fees. Mr. Stickney contends prejudgment interest should have been awarded pursuant to 23 O.S.2001 § 6 and attorney fees should have been awarded pursuant to 12 O.S.2001 § 936.

¶ 7 We will address each of these requests for relief in the order in which Mr. Stickney has presented them. For the reasons that follow, this Court cannot re-examine and re-determine the issues in *Stickney I,* and we find no error by the trial court in applying the measure of damages. However, we find the trial court erred in determining the amount of earned but unpaid compensation, and in denying pre-judgment interest and attorney fees.

I.

¶ 8 Mr. Stickney's request to deny law-of-the-case effect to the earlier Court of Civil Appeals opinion in *Stickney I* is beyond the cognizance of this division of the Court of Civil Appeals. Our review of the law on this subject leads us to conclude that the Supreme Court alone has the power to declare that the Court of Civil Appeals opinion in *Stickney I* should not be given law-of-the-case effect in a subsequent appeal.

¶ 9 The case of *In re Estate of Severns,* 1982 OK 64, ¶ 5, 650 P.2d 854, 856, decided the effect to be given an earlier Court of Civil Appeals opinion that remanded a case to the trial court, when another division of the Court of Civil Appeals receives a subsequent appeal from the proceeding on remand. *Severns* held the court in the subsequent appeal could not re-examine and redetermine an issue decided in the earlier opinion.

¶ 10 The Supreme Court held that the earlier opinion remanding the case should have been given law-of-the-case effect by the Court of Civil Appeals in the subsequent appeal. The Supreme Court stated that law of the case "occupies a salutory position in appellate law when applied to the Supreme Court." The Supreme Court further stated

that observance of law of the case is "even more compelling" in cases "where the power of the appellate tribunal is exercised by an intermediate court of this state." *Id.* at ¶ 5, 650 P.2d at 856. The Supreme Court stressed "[t]he remedy available from an erroneous decision in such instance [*i.e.* by an intermediate appellate tribunal] is the sole remedy of writ of certiorari." *Id.*

¶ 11 To underscore the exclusiveness of review by certiorari, the Supreme Court cited Rule 3.1 of the Rules of Practice and Procedure in the Court of Appeals and on certiorari. This rule, now Supreme Court Rule 1.171, provides that a final decision by a division of the Court of Civil Appeals shall not be subject to re-examination by another division of the Court of Civil Appeals. 12 O.S.2001, ch. 15, app. 1. This rule implements a similar statutory declaration of the jurisdiction of the Court of Civil Appeals, 20 O.S. 2001 § 30.1.

¶ 12 The case of *In re Estate of Eversole,* 1994 OK 114, 885 P.2d 657, also involved a case where one division of the Court of Civil Appeals re-examined and redetermined an issue decided in an earlier appeal in the same case by another division of the Court of Civil Appeals. In holding that the Court of Civil Appeals in the subsequent appeal "did not follow the settled law of [the earlier appeal]," the Oklahoma Supreme Court stressed that the issue that was re-examined and redetermined in the subsequent appeal "became *finally settled* when certiorari in [the earlier appeal] was denied ... and no further proceedings for review were taken." *Id.* at ¶ 8, 885 P.2d at 661. The Supreme Court further emphasized that it is *"impermissible"* for the Court of Civil Appeals in a subsequent appeal to re-examine and redetermine an issue finally determined in an earlier appeal in the same case.

¶ 13 In declining to re-examine *Stickney I,* we have reviewed and considered the cases cited by Mr. Stickney that hold a previous appellate opinion in the same case can be denied law of the case effect to avoid "gross or manifest injustice." *Tibbetts v. Sight'n Sound Appliance Centers, Inc.,* 2003 OK 72, ¶ 16, 77 P.3d 1042, 1050; *C & L Enterprises, Inc. v. Citizen Band Potawatomi Tribe of*

*Oklahoma,* 2002 OK 99, ¶¶ 20, 21, 72 P.3d 1, 6; *Cinco Enterprises, Inc. v. Benso,* 1999 OK 80, ¶ 11, 995 P.2d 1080, 1085. None of these cases, however, involve the situation where the Court of Civil Appeals in a subsequent appeal has made this determination concerning an earlier Court of Civil Appeals' opinion in the same case.

## II.

¶ 14 Mr. Stickney's second request for review concerns the trial court's refusal to apply the measure of damages in the *Hall* case to Mr. Stickney's claim against Kansas City Life for unpaid commissions. Mr. Stickney contends that the trial court erred in refusing to apply the measure of damages in *Hall,* because the trial court mistakenly concluded that the measure of damages applied only in cases of wrongful termination. Mr. Stickney points out that both *Hall* and *Stickney I* recognize the right of an agent to recover "the fruits of his labor," and that *Hall* specifically held that an agent's "fruits of [his] labor" included "the predictable, quantifiable amount of future income [from] renewal premiums on insurance policies [sold before termination]." 1985 OK 40, ¶¶ 20, 25, 713 P.2d at 1031.

¶ 15 Mr. Stickney argues *Hall* recognized that such future income, in the form of renewal and service commissions, was part of the compensation due an agent, even though a provision in the contract stated no service commissions would be paid after termination. Mr. Stickney basically contends that such future income falls within the language in *Stickney I* delineating the "measure of contract damages [to be] the income from *commissions earned* ... during Stickney's employment while performing his contract." 2001 OK CIV APP 72, ¶ 14, 25 P.3d at 928 (emphasis added).

¶ 16 In response, Kansas City Life contends that a full reading of *Hall* indicates that future income from renewal premiums is part of the measure of damages only in cases where the agent's termination is wrongful or in bad faith. Kansas City Life points out that the Court in *Hall* premised the recovery of future commissions on the fact that the insurance company "wrongfully invoked its right to terminate *Hall's* agency ... for the unconscionable purpose of depriving *Hall* of

the future payments of renewal premiums." 1985 OK 40, ¶ 25, 713 P.2d at 1031. Kansas City Life basically maintains that such a consequence does not flow from the proper exercise of a company's right to terminate an agency agreement. In cases of a proper exercise of the right to terminate, Kansas City Life contends an insurance agent's right to commissions on renewal premiums is determined by the terms of his or her contract of employment with the insurance company.

¶ 17 In reviewing the complete text of *Stickney I,* we agree with Kansas City Life. *Stickney I* remanded the case to the trial court to determine whether "a portion of earned commissions have not been paid." 2001 OK CIV APP 72, ¶ 23, 25 P.3d at 929. Significantly, the Court of Civil Appeals had previously determined that Stickney's entitlement to recover such "earned commissions" did not stem from any wrong on the part of Kansas City Life. "We hold there was insufficient evidence to prove Stickney's claim for breach of contract or breach of the implied covenant of good faith and fair dealing." *Id.* at ¶ 15, 25 P.3d at 928. In fact, the court ruled that Kansas City Life's "motion for directed verdict [and] motion for judgment notwithstanding the verdict should have been sustained [except for] the amount, if any, of unpaid commissions." *Id.* Undoubtedly, any such earned, unpaid commissions would be fruits of Stickney's labor while working for Kansas City Life, but it is equally clear that the fruits of his labor that he could recover from Kansas City Life were limited to "the income from commissions *earned,* if any remains unpaid, *during* Stickney's *employment while performing his contract."* *Id.* at ¶ 14, 25 P.3d at 928 (emphasis added). The court characterized this as "the only measure of contract damages [in the instant case]." *Id.* In other words, the court in *Stickney I* determined his recovery is limited to earnings under the terms of his contract as Kansas City Life has suggested.

¶ 18 This court fully appreciates that loss of future income from renewal commissions or service fees can be a consequence of both a wrongful termination as in the *Hall* case, or a proper termination as the court in *Stickney I* found in the instant case. The differ-

ence, however, is that a loss of future income is the object of the wrong in a *Hall* situation, whereas it is a bargained-for term in the latter.

■ ¶ 19 In the case at hand, the amended contract between Kansas City Life and Mr. Stickney provided renewal commissions would be paid for seven years. The evidence reveals that all the income due Mr. Stickney for years two through seven has been paid. In addition, the evidence shows Mr. Stickney has received all the commissions due him on policies that he personally sold or placed. Accordingly, the trial court properly limited inquiry of commissions earned during Stickney's employment while performing his contract to "first year general agent commissions on premiums collected for policies sold in the 12 month period preceding [termination on] April 1, 1993."

■ ¶ 20 Mr. Stickney's own evidence shows that he calculated the amount due for such first year general agent commissions to be $33,534.91. However, Kansas City Life argued that 46% of this amount represented a building, recruiting and office allowance that is not payable after termination of the parties' contract.

¶ 21 The amount of first year general agent commissions awarded by the trial court was $18,864.03 which is 54% of the $33,534.91 figure calculated by Mr. Stickney. The trial court concluded that Kansas City Life did not have to pay the other 46% representing the building, recruitment and office allowance.

¶ 22 Although we disagree with Mr. Stickney's general proposition that the trial court erred in limiting his recovery to the first year general agent commissions, we do agree that he "earned" the *full* amount of such commissions prior to termination and should have been awarded the full amount thereof under the measure of damages delineated in *Stickney I*—"commissions earned ... during Stickney's employment while performing his contract." The trial court erred in reducing the amount of the first year general agent commissions by subtracting the building, recruitment and office allowance portion. Accordingly, we modify the trial court's judgment by awarding the full amount of the first

year general agent commissions "earned" prior to termination, or $33,534.91.

## III.

■ ¶ 23 Mr. Stickney's third request for relief assigns error by the trial court in denying him recovery for additional deferred compensation. Mr. Stickney points out that Kansas City Life informed him that the benefits under his general agency contract had fully vested. He stresses that it was undisputed that he was paid $6,338.96 which represented only 40% of "fully vested" deferred compensation. He also notes that the only explanation for not paying him the amount of "fully vested" deferred compensation was a Kansas City Life internal memo that indicated the other 60% was forfeited. Mr. Stickney further emphasizes that Kansas City Life failed to produce its deferred compensation schedule booklet in response to discovery and that the trial court excluded the booklet at trial. Mr. Stickney basically contends that Kansas City Life did not demonstrate any justification for not paying all of the "fully vested" deferred compensation.

¶ 24 In response, Kansas City Life contends that Mr. Stickney's own testimony on cross-examination revealed he had only earned 30% of his deferred compensation but actually had been paid 40%. In addition, counsel for Kansas City Life *argued* that additional deferred compensation was not due under the general agent agreement. Kansas City Life asserts that Mr. Stickney failed to carry his burden of proof to establish that he was due more deferred compensation than he was paid.

■ ¶ 25 The record reflects that the terms of Kansas City Life's deferred compensation plan are set forth in a plan booklet and that Kansas City Life failed to produce this booklet in response to a discovery request by Mr. Stickney. In addition, the trial court denied admission of the booklet when Kansas City Life offered it at trial. Mr. Stickney's testimony concerning what he would earn in the way of deferred compensation based on the plan in the booklet does not in any way impeach the representation that Kansas City Life was waiving its "vesting schedule" and that Mr. Stickney's general

agency benefits were fully vested. In addition, no witness offered by Kansas City Life should have been allowed to testify concerning the terms of the deferred compensation plan following exclusion of the booklet that sets forth those terms.

¶ 26 We believe that Mr. Stickney proved his claim to be paid the amount of "fully vested" deferred compensation and that Kansas City Life established no justification for "forfeiting" 60% of that amount, or for otherwise not paying the amount of fully vested deferred compensation. Accordingly, we hold that the trial court erred in denying recovery for the amount of additional deferred compensation claimed by Mr. Stickney. We modify the trial court's judgment by awarding Mr. Stickney $9,508.43.

### IV.

¶ 27 Mr. Stickney's fourth request for relief assigns error by the trial court in denying his request for attorney fees and prejudgment interest. Mr. Stickney contends that he prevailed on his claim to recover compensation for services rendered under the general agency contract with Kansas City Life and, therefore, he is entitled to an attorney fee under 12 O.S.2001 § 936. He also contends that the amounts he recovered were capable of ascertainment through calculation and, therefore, he is entitled to prejudgment interest in the sum he recovered under 23 O.S.2001 § 6.

¶ 28 It is well settled that " '[t]he underlying nature of the action determines the applicability of the § 936 labor-and-services provision [and where] damage arises directly from the rendition of labor or services[,] the provisions of § 936 are applicable.' " *Edwards v. General Motors Assembly Division,* 2003 OK CIV APP 4, ¶ 9, 63 P.3d 563, 566 (citing *Cook v. Oklahoma Bd. of Public Affairs,* 1987 OK 22, ¶ 43, 736 P.2d 140, 154 (footnotes omitted)). Failure to pay for services is an example of damages that arise directly from the rendition of labor or services. *Burrows Const. Co. v. Independent Sch. Dist. No. 2,* 1985 OK 57, ¶ 8, 704 P.2d 1136, 1138.

¶ 29 The opinion in *Stickney I* expressly declared the "issue" to be determined on remand was whether "a portion of earned commissions have not been paid." 2001 OK CIV APP 72, ¶ 23, 25 P.3d at 929. The opinion in *Stickney I* also said "in the instant case, the only measure of contract damages is the income from commissions earned ... during Stickney's employment while performing his contract." *Id.* at ¶ 14, 25 P.3d at 928. The opinion in *Stickney I* leaves little doubt that the underlying nature of the instant case is recovery of damages in the form of unpaid commissions that arose directly from Mr. Stickney's rendition of services while performing the general agent contract. Stated another way, it is a suit to recover "the amount, if any, of unpaid commissions [that were] earned ... during [his] employment while performing his contract." *Id.* at ¶¶ 14, 15, 25 P.3d at 928.

¶ 30 The general agent contract in the case at hand, like the contracts in *Doyle v. Kelly,* 1990 OK 119, ¶ 11, 801 P.2d 717, 720 (footnote omitted), are "contracts [that] included both labor and services." This was found to be a sufficient basis to entitle the prevailing party in *Doyle* to an award of attorney fees under section 936. Accordingly, we reverse the trial court's denial of Mr. Stickney's request for attorney fees under section 936 and remand for the trial court to determine and award Mr. Stickney a reasonable attorney fee.

¶ 31 Mr. Stickney's final contention is that the trial court erred in not awarding prejudgment interest on the amount of first year commissions that the trial court determined had not been paid. Mr. Stickney points out that (1) the amount due for the first year commissions was capable of being made certain by calculation, and indeed was precisely calculated to be $33,543.96, and (2) the right to recover such commissions vested in him upon his termination on April 1, 1993. While he concedes there was a dispute over whether he could recover all or only 54% of this amount, he maintains there was no dispute over ascertaining the amount of the commissions or the date they vested. We agree.

¶ 32 By statute, "[a]ny person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover [such damages] is vested in

him upon a particular day, is entitled also to recover interest thereon from that day...." 23 O.S.2001 § 6. We again observe that the opinion in *Stickney I* remanded this case for the trial court to determine whether "earned commissions have not been paid" and "the amount, if any, of unpaid commissions." There was no dispute about the manner in which Mr. Stickney computed the amount of the first year general agent commissions that he contended were not paid, or the amount of the additional deferred compensation he claimed.

¶ 33 The only dispute was whether he was entitled to all or only a set fraction of the first year general agent commissions. Likewise, the only dispute over the additional deferred compensation was whether he was entitled to additional deferred compensation. Where undisputed evidence establishes the basis to calculate the amount of damages, a dispute over whether the party is entitled to recover such damages does not affect the right of the party to receive prejudgment interest upon establishing the party's entitlement to the damages. *Edwards*, 2003 OK CIV APP 4, ¶¶ 12–19, 63 P.3d at 567–68.

¶ 34 We further modify the trial court's judgment to include (1) prejudgment interest on the amount of the first year general agent commissions as determined herein, $33,534.91, from April 1, 1993, and (2) prejudgment interest on the additional amount of deferred compensation as determined herein, $9,508.43, from April 1, 1993.

### V.

¶ 35 The trial court's judgment is affirmed insofar as it followed the law of the case of *Stickney I* and declined to apply the measure of damages set forth in the *Hall* case. The trial court's judgment is modified to award (1) the full amount of first year general agent commissions, $33,534.91, "earned ... during Stickney's employment while performing his contract," (2) the additional deferred compensation of $9,508.43 in keeping with the representation that the benefits of the general agent contract were fully vested, and (3) prejudgment interest on each of the foregoing from the date of termination of April 1, 1993. The trial court's judgment denying Mr. Stickney's request for attorney fees is reversed and this case is remanded to the

trial court with directions to grant the request pursuant to 12 O.S.2001 § 936, and to determine and award a reasonable attorney fee for the trial of this case.

¶ 36 AFFIRMED IN PART, MODIFIED IN PART, REVERSED AS TO THE DENIAL OF ATTORNEY FEES AND PREJUDGMENT INTEREST, AND REMANDED TO ENTER A JUDGMENT IN ACCORDANCE WITH THE MODIFICATIONS AND TO DETERMINE AND AWARD A REASONABLE ATTORNEY FEE.

RAPP, V.C.J., and GABBARD, P.J., concur.