2010 OK CIV APP 28

**BAYS EXPLORATION, INC., Plaintiff/Appellant,**

v.

**Douglas JONES, Defendant/Appellee.**

**No. 106,475.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 13, 2009.

Rehearing Denied Jan. 6, 2010.

Certiorari Denied March 22, 2010.

As Corrected April 14, 2010.

Alan Agee, Garvin, Agee, Carlton & Mashburn, P.C., Pauls Valley, OK, for Plaintiff/Appellant.

Kenneth R. Johnston, Wes Johnston, Johnston & Johnston, Chickasha, OK, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶1 In this action initiated under the Surface Damages Act, 52 O.S.2001 §§ 318.2 *et seq.* (the Act), Appellant, Bays Exploration, Inc. (Bays), appeals from the trial court's *Order Granting Attorney's Fees and Costs to Defendant* Douglas Jones (Jones). We hold the relief requested by Bays is precluded by the law of the case doctrine and affirm.

¶2 Jones is the surface owner of 140 acres of farmland in Garvin County, Oklahoma. In 2001, Bays decided it would drill an oil and gas well on Jones's land. When Bays and Jones failed to reach an agreement on what Bays would pay for damage to the land, Bays filed this action under the Act. The purposes of the Act are to balance the conflicting interests of the mineral and surface owners, and to promote the prompt payment of compensation to a surface owner whose land is damaged by a mineral interest holder for oil and gas exploration. *Ward Petroleum Corp. v. Stewart*, 2003 OK 11, 64 P.3d 1113. Bays's well was drilled on Jones's land and was completed as a producing well.

¶3 Appraisers were appointed pursuant to the Act to evaluate damage to Jones's land. The appraisers assessed damages at $12,000.00. Jones was dissatisfied with that amount and demanded a jury trial on damages under § 318.5(F) [1] of the Act. After a

---

1. Section 318.5(F) provides, in pertinent part: Either party may, within sixty (60) days after the

trial which lasted a week, the jury returned a verdict in favor of Jones in the amount of $40,000.00. The trial court entered judgment in the amount of the jury's verdict. Bays appealed the $40,000.00 judgment against it. Jones, citing as authority § 318.5(F) and *TXO Production Corp. v. Stanton*, 1992 OK CIV APP 101, 847 P.2d 821, moved for an award of costs and attorney fees. The trial court denied Jones's motion for attorney fees and Jones filed a counter-appeal.

¶ 4 Bays's appeal and Jones's counter-appeal were assigned to the Court of Civil Appeals. In *Bays Exploration, Inc. v. Jones*, 2007 OK CIV APP 111, 172 P.3d 217 (*Jones I*), the Court of Civil Appeals affirmed the judgment against Bays. The Court, however, reversed the trial court on its denial of costs and attorney fees and remanded that question to the trial court "with directions to conduct proceedings to determine the costs and reasonable attorney fees to be awarded" Jones. The Court of Civil Appeals denied Bays's motion for rehearing and granted Jones's request for appellate attorney fees, also to be determined by the trial court. The Supreme Court denied Bays's petition for certiorari and the appeal became final after mandate was issued on November 15, 2007.

¶ 5 On remand in February 2008, the trial court heard the parties' evidence and arguments on attorney fees. In its Order filed on October 1, 2008, the trial court noted the purpose of that hearing was "to determine the amount of attorney fees and costs to be awarded to [Jones] in accordance with the decision" in *Jones I*. That determination included both trial and appellate costs and attorney fees. The trial court's comprehensive order included a statement of the proceedings; detailed findings of fact in relation to the legal services contract, fee structure and counsel's billing hours; and conclusions of law with citations of authority to support its award. The trial court awarded Jones $116,787.50 attorney fees, $3,419.95 in deposition costs and $1,358.55 in others costs, for a

total award of $121,556.00. Bays has appealed from that award.

■ ¶ 6 Here on appeal, Bays has asserted three propositions supporting its request for relief—[1] "Attorney Fees are not Awardable in This Case," [2] "This Court is Not Bound by COCA's Decision in *Jones I* on Attorney Fees and Costs," and [3] "While the Award of Attorney Fees and Costs under 52 O.S. § 318.5 is Mandatory, Their Award under 66 O.S. § 55(D) is only Discretionary." Normally, we review attorney fee awards for trial court abuse of discretion, *Southwestern Bell Telephone Co. v. Parker Pest Control, Inc.*, 1987 OK 16, 737 P.2d 1186. Here, however, the essence of each of Bays' contentions is that the trial court erred, as a matter of law, in awarding attorney fees and costs. On questions of law we exercise *de novo* review. *Ibarra v. Hitch Farms*, 2002 OK 41, 48 P.3d 802. Under this standard, we have plenary, independent and non-deferential authority to address legal issues. *American Airlines v. Hervey*, 2001 OK 74, 33 P.3d 47.

¶ 7 In contending attorney fees may not be awarded in this case, Bays's contention is two pronged. First, Bays argues § 318.5(F) does not authorize attorney fees and costs under the undisputed facts. Secondly, Bays argues Jones's motion for attorney fees and costs was fatally defective because it did not include the requisite evidentiary material mandated by 12 O.S.2001 § 696.4. Bays's first argument was presented to and rejected by the Court of Civil Appeals in *Jones I*. The second argument was not asserted in *Jones I*. For different reasons, we cannot consider the merits of either argument.

¶ 8 As we have noted, Jones relied on the authority in *TXO Production Corp. v. Stanton*, 847 P.2d at 822, to support his claim for attorney fees in the trial court. In *Stanton*, the Court of Civil Appeals found a right to attorney fees and costs under § 318.5(F), even where a surface owner made the only request for a jury trial. In doing so, the

filing of such [appraisers] report, file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury. The trial shall be conducted and judgment entered in the same manner as railroad condemnation actions tried in the court.

.... If the party demanding the jury trial does not recover a more favorable verdict than the assessment award of the appraisers, all court costs including reasonable attorney fees shall be assessed against the party.

*Stanton* Court relied on the authority found in 66 O.S.1991 § 55(D), part of the railroad condemnation procedures which the Legislature made the framework for surfaces damages actions in § 318.5(F).[2] Section § 55(D) allows attorney fees, *inter alia*, where a property owner receives a judgment at least 10% in excess of the commissioners' award, even if it is the property owner who demands a jury trial.

¶ 9 Bays's only argument to the trial court in opposition to Jones's motion for attorney fees and costs in *Jones I* was restricted to the inapplicability of § 318.5(F) and § 55(D), and the examination of various appellate opinions relating to those sections, particularly *TXO Production Corp. v. Stanton*, 847 P.2d at 822. Similarly, the *Jones I* Court set forth that "both parties extensively debate the merits of the *Stanton* decision." There is nothing to indicate Bays raised the issue there of statutory noncompliance by Jones in submitting his motion for attorney fees and costs, under 12 O.S.2001 § 696.4 or any other section.

■ ¶ 10 The question of Jones's right to attorney fees and costs was decided by the Court in *Jones I* and that determination was final upon mandate. *Cox v. Kansas City Life Ins. Co.*, 1997 OK 122, 957 P.2d 1181. By failing to raise the § 696.4 issue before either the trial court or Court of Civil Appeals in *Jones I*, Bays failed to preserve it for consideration upon remand. If Jones's motion for attorney fees and costs were statutorily deficient, it would have been deficient when first presented and should have been contested on that basis before the final determination of Jones's rights. Having failed to do so, Bays is precluded from raising it here. To hold otherwise would allow litigants to attack an appellate decision on a theory which was not before the appellate court when it reached that decision.

■ ¶ 11 The question which *was* before the *Jones I* Court was whether Jones could recover attorney fees and costs under the holding in *Stanton* incorporating § 55(D) into § 318.5(F). The *Jones I* Court held Jones should be awarded attorney fees and costs

consistent with *Stanton*, and the trial court made its award as it was obligated to do upon remand. *Hurst v. Brown*, 1954 OK 25, 266 P.2d 438 (When a mandate is issued, the trial court has the duty to comply with its terms.) Bays, however, argues at great length that this case comes within exceptions to the rule that an appellate decision which is final after mandate becomes "the law of the case."

¶ 12 In addressing the law of the case doctrine, the Supreme Court stated:

Determinations made on a prior appeal of a cause are res judicata, and the decision of the appellate court on an issue of law becomes the law of the case once the decision is final and unreversed, in all subsequent stages. It is immaterial whether the final decision is made by the Court of Civil Appeals or this Court. When an issue has been presented to the Court of Civil Appeals, and a decision is reached on that issue, the first determination becomes conclusive and cannot be re-examined once it is final. The sole remedy available from an erroneous decision of that Court is the writ of certiorari. (Citations omitted.)

*Bierman v. Aramark Refreshment Services, Inc.*, 2008 OK 29, 198 P.3d 877.

■ ¶ 13 The *Bierman* Court did recognize an exception to the law of the case doctrine where "the prior decision is palpably erroneous and *this Court* is convinced that failure to reverse it will result in a gross or manifest injustice." (Emphasis added). We emphasize the Supreme Court's holding the exception would be applied when *it* made the appropriate determinations. We have not been made aware of any case in which the Court of Civil Appeals has applied such an exception to the law of the case doctrine. In fact, it is our view we are expressly precluded from doing so.

■ ¶ 14 It is axiomatic the Court of Civil Appeals cannot overrule an opinion of the Oklahoma Supreme Court and we are thus bound by its previous decisions. *Williams v. Independent School District # 7 of Harrah*, 1994 OK CIV APP 87, 881 P.2d 760, *Wimberly v. Buford*, 1983 OK 25, 660 P.2d 1050. We

2. *See,* Note 1, *supra.*

are also prevented by statute and rule from reexamining prior decisions of the Court of Civil Appeals. 20 O.S. 2001 § 30.14 (COCA decisions, "when final, shall be neither appealable to the Supreme Court nor be subject to reexamination by another division of the Court of Civil Appeals ..."); Rule 1.171, Oklahoma Supreme Court Rules, 12 O.S. 2001, App. 1 (Adopts statutory language from 20 O.S. 2001 § 30.14). *See also, McMinn v. City of Oklahoma City*, 1997 OK 154, 952 P.2d 517 (Division 1 was bound by the decision reached in the earlier 1991 opinion by Division 2).

¶ 15 We are instructed by *Stickney v. Kansas City Life Ins. Co.*, 2006 OK CIV APP 146, 149 P.3d 1048, where the Court of Civil Appeals reached the same conclusion we have today. There the appellant asked the Court of Civil Appeals "to deny law-of-the-case effect to the earlier Court of Civil Appeals opinion in *Stickney I*." The Court held:

Our review of the law on this subject leads us to conclude that the Supreme Court alone has the power to declare that the Court of Civil Appeals opinion in *Stickney I* should not be given law-of-the-case effect in a subsequent appeal.

¶ 16 The *Stickney* Court, quoting from *In re Estate of Severns*, 1982 OK 64, 650 P.2d 854, continued:

The Supreme Court stated that law of the case "occupies a salutory position in appellate law when applied to the Supreme Court." The Supreme Court further stated that observance of law of the case is "even more compelling" in cases "where the power of the appellate tribunal is exercised by an intermediate court of this state." The Supreme Court stressed "[t]he remedy available from an erroneous decision in such instance [i.e. by an intermediate appellate tribunal] is the sole remedy of writ of certiorari." (Citations omitted).

¶ 17 We hold we are bound to give law of the case effect to the Court of Civil Appeals decision in *Jones I*. The law of the case doctrine applies where the issues we are asked to consider are issues which [1] were actually presented in the prior appeal, [2] were specifically addressed in its prior opinion, and [3] were necessarily decided by the Court in the prior decision in order to reach its holding. *Miller Dollarhide, P.C. v. Tal*,

2006 OK 27, 174 P.3d 559, citing *McMinn v. City of Oklahoma City*.

¶ 18 Bays's only issue remaining properly before us is whether Jones was entitled to recover costs and attorney fees pursuant to § 318.5(F), as that section was interpreted by the Court of Civil Appeals in *Jones I*. That issue was presented to the Court in *Jones I*, was specifically addressed by the Court, and was necessarily decided by the Court because that was the only theory presented to the Court in support of the award of attorney fees. In fact, as noted by Jones in his Answer Brief here, much of Bays's Brief in Chief was "lifted virtually verbatim" from Bays's Answer Brief in the previous appeal. We are compelled to give law of the case effect to the Court of Civil Appeals decision in *Jones I* and are thus precluding from granting Bays the relief requested.

¶ 19 The trial court's order granting Jones attorney fees and costs is, accordingly, AFFIRMED.

MITCHELL, C.J., and JOPLIN, J., concur.