STEPHENS PRODUCTION
COMPANY, Appellant,

v.

Leroy A. TAYLOR and Wally
Lou Taylor, Appellees.

No. 87534.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Oct. 7, 1997.

John Robert Montgomery, Montgomery
and Montgomery, Sallisaw, for Appellant.

Leroy A. Taylor, Muldrow, Pro Se, for
Appellees.

*MEMORANDUM OPINION*

GOODMAN, Presiding Judge.

Appellant Stephens Production Company
initiated this proceeding under the Oklahoma
Surface Damages Act, 52 O.S.1991 and Supp.
1996, §§ 318.2 through 318.9, to determine
damage to property in Sequoyah County
used by Stephens for drilling operations.
The trial court entered judgment on a jury
verdict awarding $10,000 to appellee surface
owners Leroy and Wally Lou Taylor. The
court denied the operator's motion for new
trial. The operator appeals.

I

The Act provides that if negotiations be-
tween an operator and a surface owner to
determine the amount of surface damages
are not successful, the operator "shall peti-
tion the district court in the county in which
the drilling site is located" to appoint three
appraisers. § 318.5. The operator selects
one appraiser and the surface owner selects

one. These appraisers select a third for appointment by the court.

Pursuant to the Act, the trial court appointed the nominated appraisers, each of whom filed a separate report. The operator timely filed its exceptions, and the court ordered the appraisers to submit a new appraisal. Thereafter, one appraiser filed a minority report, and two filed a majority report. Again, the operator filed an exception to the return of appraisement. The record does not contain a ruling by the court on the operator's exception. The operator then filed a Demand for Jury Trial that states the operator "objects and excepts to the appraisers' reports and respectfully demands, if said exceptions and objections heretofore made are overruled, a jury trial." The court entered an order setting the matter for a jury trial held January 17 and 18, 1996, which resulted in the verdict and judgment subject to this appeal.

## II

■ The operator first contends the matter was not ripe for trial because the appraisers had not jointly filed a single report, and the appraisers disregarded the court's instructions and impermissibly considered speculative and remote factors. *See, e.g., Davis Oil Co. v. Cloud,* 1986 OK 73, 766 P.2d 1347.

Section 318.6 of the Act provides in relevant part:

Any aggrieved party may appeal from the decision of the court on exceptions to the report of the appraisers or the verdict rendered upon jury trial.

■ It is clear the Act contemplates an appeal *either* from the exceptions to the report of the appraisers *or* the "verdict rendered upon jury trial." Although the trial court did not formally adjudicate the operator's exceptions to the appraisements, the operator did not object to the pending status of its pleading, but instead demanded, and proceeded to, a jury trial. Consequently, those exceptions and objections to the reports became moot, and the operator has waived the right to raise those issues in this appeal from the jury verdict. In these cases,

one must appeal either from the decision of the court on the exceptions to the report *or* from the judgment entered on the jury verdict. *See, e.g., Jerry Scott Drilling Co., Inc. v. Scott,* 1989 OK 131, 781 P.2d 826. The operator's first two propositions of trial court error are without merit.

## III

■ The operator's third proposition of error alleges the "[j]ury verdict is contrary to law as the jury failed to follow the instructions of the trial court." We have carefully examined the jury instructions and they accurately reflect the law applicable to the evidence. When the trial court has properly instructed the jury, this court must presume that the jury followed the instructions, considered damages in light thereof, and reached a verdict in keeping therewith. *Fleming v. Baptist Gen. Convention,* 1987 OK 54, 742 P.2d 1087. If the instructions correctly state the elements of damage, we will not presume that the jury considered matters other than those submitted. *Id.* The verdict returned by the jury was well within the range of evidence presented. The third proposition of error is also without merit.

## IV

■ In an action at law, we will not disturb a jury verdict if *any* competent evidence supports it. *Juvenal ex rel. Juvenal v. Okeene Pub. Schools,* 1994 OK 83, 878 P.2d 1026. Our review of the competent evidence presented to the jury leads us to conclude the verdict is supported by ample competent evidence. Accordingly, we affirm the judgment entered on the jury's verdict.

AFFIRMED.

TAYLOR, V.C.J., and REIF, J., concur.