2007 OK CIV APP 111

**BAYS EXPLORATION, INC.,**
**Plaintiff/Appellant/Counter–**
**Appellee,**

v.

**Douglas JONES,**
**Defendant/Appellee/Counter–Appellant.**

**No. 102,590.**

Court of Civil Appeals of Oklahoma,
Division No. 4.

May 24, 2007.

Rehearing Denied Aug. 3, 2007.

Certiorari Denied Nov. 5, 2007.

---

7. *Zeigler v. State,* 1991 OK CR 25, ¶ 15, 806 P.2d 1131, 1135.

Alan Agee, Steven C. Kendall, Garvin, Agee, Carlton & Mashburn, P.C., Pauls Valley, OK, for Appellant/Counter–Appellee.

Kenneth R. Johnston, Wes Johnston, Johnston & Associates, Chickasha, OK, for Appellee/Counter–Appellant.

DOUG GABBARD II, Presiding Judge.

¶1 Both parties appeal from trial court orders following a jury verdict that awarded surface damages and denied attorney fees to Defendant, Douglas Jones (Jones or Landowner), in an action under Oklahoma's Surface Damages Act, 52 O.S.2001 & Supp.2006 §§ 318.2 through 318.9. We affirm in part, reverse in part, and remand.

## BACKGROUND

¶2 In March 2001, Plaintiff, Bays Exploration, Inc. (Bays or Plaintiff), filed a petition seeking appointment of appraisers to assess damages to Landowner's surface estate in conjunction with Bays' drilling of an oil and gas well, the Elsie May Lacy #1. Bays designated a ten-acre tract as the drill site. Landowner filed a responsive pleading, denying Bays' compliance with the requirements of the Surface Damages Act and alleging Bays' negligence in drilling and completing the well.[1]

¶3 On June 18, 2001, the trial court appointed appraisers, and filed the instructions to be given. In August 2001, Bays filed an "Exception to Appraisers' Report,"[2] asserting the appraisers did not set forth the boundaries of the property and could not agree upon the measure of damages to be awarded.

¶4 For reasons not clear from the record, nothing further appears to have happened in the case until January 2004, when Landowner filed a motion requesting a new appraisal, stating that the matter remained unresolved. In August 2004, the court entered an "alias" order appointing appraisers and listing the 10–acre tract described in Bays' petition. The court's instructions stated that damages

---

1. Although Landowner styled his pleading as an "answer and counterclaim" and asserted that Bays' negligence damaged his property, nothing else in the record or the briefs suggests that Landowner intended in this action to pursue a separate but related tort claim against Bays, as per *Ward Petroleum Corp. v. Stewart,* 2003 OK 11, 64 P.3d 1113. The trial transcript and other filings in the case indicate that it was tried solely as a matter under the Surface Damages Act alone, and we therefore treat it as such on appeal.

2. The report to which Bays objected does not appear in the record, and neither does a copy of the original Bays' lease.

were to be "limited to the reduction in value of the tract resulting from the use of the drillsite, access road and other areas utilized by [Bays] in the drilling and/or production of the oil and gas well," and that various factors could be considered by the appraisers in determining the "fair market value of the tract after the drilling operations cease."

¶ 5 Subsequently, the appraisers filed a report finding a fair market value reduction of $12,000 for the 10–acre tract (finding a value of $15,000 immediately before Bays' drilling operations and $3,000 immediately thereafter). The appraisal also noted that the "[l]ocation of the well vis-a-vis the original tract, heavily diminished the value."

¶ 6 Landowner then filed a demand for jury trial. The trial was held over a six-day period in August 2005. Both parties presented evidence concerning the diminished value of the drill site's 10 acres. Landowner continued to assert the entire 140–acre tract which he owned had sustained damage as a result of Bays' drilling the Elsie May Lacy well, and presented, over Bays' objection, evidence of damage and diminished value to the other 130 acres as well.

¶ 7 The trial court submitted to the jury the issue of whether the 130 acres had sustained damage in addition to the 10 acres designated by Bays, in the form of a verdict form that broke the damages assessment into two parts: (1) for the 10–acre tract; and (2) for the entire 140 acres, including the 10–acre tract. The jury returned a verdict finding surface damages of $30,000 to the 10–acre site alone; and of $40,000 for the 140–acre tract as a whole, including the 10–acre drill site. The trial court granted judgment for damages to the entire 140–acre tract, in accordance with the jury verdict. However, the trial court denied Landowner's motion seeking his costs, including his attorney fees, pursuant to 52 O.S.2001 § 318.5(F) and 66 O.S.2001 § 55.

¶ 8 Bays appeals from the order entered on the jury verdict. Landowner appeals from the order denying his request for attorney fees and costs.

## STANDARD OF REVIEW

■ ¶ 9 Trial court decisions concerning admission of evidence and trial misconduct are reviewed on appeal pursuant to an abuse of discretion standard. *See Myers v. Missouri Pac. R. Co.*, 2002 OK 60, ¶ 36, 52 P.3d 1014, 1033; *Lerma v. Wal–Mart Stores, Inc.*, 2006 OK 84, ¶ 20, 148 P.3d 880, 885.

■ ¶ 10 Trial court decisions concerning instructions present a question of law reviewed *de novo*. However, in reviewing error in a particular instruction this Court looks at the probability the jurors were misled by the erroneous instruction and reached a different conclusion than they otherwise would have. *CNA Ins. Co. v. Krueger, Inc., of Tulsa*, 1997 OK 142, ¶ 14, 949 P.2d 676, 679. A verdict will not be disturbed on appeal where, as a whole, it appears that the instructions fairly represent the law applicable to the issues presented by the pleadings and the evidence. *Smith v. U.S. Gypsum Co.*, 1980 OK 33, ¶ 24, 612 P.2d 251, 256.

■ ¶ 11 We review the reasonableness of an attorney fee award using the abuse of discretion standard. However, the question of whether an attorney fee is authorized by law presents a question of law, which is reviewed *de novo*. In a *de novo* review, this Court affords a "non-deferential, plenary and independent review" of the trial court's legal ruling. *See Boston Ave. Mgmt., Inc. v. Associated Res., Inc.* 2007 OK 5, ¶ 10, 152 P.3d 880, 884–885.

## ANALYSIS

### Bays' Appeal

¶ 12 In Bays' first proposition, it alleges the trial court erred in allowing the jury to receive evidence concerning damages to Landowner's entire 140–acre tract, rather than the 10 acre tract upon which the well was located.

¶ 13 The Surface Damages Act does not specifically limit the property for which a surface owner may claim damages, nor does it specifically limit the surface area which might be subject to an operator's use. Generally, the Act contemplates that if surface damage occurs to any part of a surface tract

affected by a drilling operation, the surface owner is entitled to compensation. 52 O.S. Supp.2006 § 318.5(A) requires an operator to negotiate for the payment of "any damages which may be caused by the drilling operation" (emphasis added). The Oklahoma Supreme Court also has consistently held, without qualification or limitation, that "the damage standard intended by the Legislature under the Act is the diminution in the fair market value of the surface property resulting from the drilling operations." *Houck v. Hold Oil Corp.*, 1993 OK 167, ¶ 39, 867 P.2d 451, 461–62. Allowing assessment of damage to portions of land outside the physical drill site is consistent with Oklahoma condemnation law generally. The Supreme Court has stated that "[j]ust compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken." Okla. Const. art. 2 § 24; *see also Williams Natural Gas Co. v. Perkins*, 1997 OK 72, 952 P.2d 483 (decided under railroad condemnation statutes).

¶ 14 Here, Bays does not argue that Landowner's damages are limited by the language of the Act or by case law setting forth the proper measure of damages. Rather, Bays argues that Landowner *waived* any right to seek, at trial, damages for property beyond the tract described in the appraisers' report—i.e., the 10–acre drill site which Bays described in its initial petition—because Landowner did not file formal written exceptions to the appraisers' second report, but instead demanded a jury trial. We disagree.

¶ 15 We find no support for such a limitation, or waiver, in the statutory language. The Surface Damages Act is a "special proceeding," in the nature of a condemnation action, containing precise procedural requirements that are mandatory. *Ward Petroleum Corp. v. Stewart*, 2003 OK 11, ¶¶ 7–8, 64 P.3d 1113, 1115. The Act provides for three pleadings: a petition seeking appointment of appraisers, an objection to the report of appraisers, and a demand for jury trial. *Id.* at ¶ 8, 64 P.3d at 1116 (citing what is now 52 O.S. Supp.2006 § 318.5). If a party files a written exception to the initial report by appraisers, as in this case, the trial court, after a hearing, "shall enter the appropriate order either by confirmation, rejection, modification, or order of a new appraisal for good cause shown." § 318.5(F). If a new appraisal is ordered, as occurred here, "[e]ither party may, within sixty (60) days ... file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury." § 318.5(F). As provided by the statute, Landowner filed such a demand.

¶ 16 While § 318.6 states that an aggrieved party may appeal from the trial court's decision on exceptions to the appraisers' report or the verdict rendered on jury trial, the Act does not provide for a *second round* of exceptions or objections to the new appraisal. It also does not provide a procedure for objecting to the instructions given to appraisers. Given the limited nature of this special proceeding, the fact that the primary intent of the Act was to promote payment of compensation to a surface owner whose land is taken for oil and gas exploration,[3] and the lack of clear legislative intent that such damages may be waived if an objection is not filed, we find no waiver under these circumstances.

¶ 17 Furthermore, neither of the two Court of Civil Appeals cases cited by Bays, *Stephens Production Co. v. Taylor*, 1997 OK CIV APP 70, 949 P.2d 301, and *Jerry Scott Drilling Co., Inc. v. Scott*, 1989 OK 131, 781 P.2d 826, support waiver in this case. *Stephens* held that a party which filed a demand for jury trial, while its formal written exceptions were still pending in the trial court, could not raise, on appeal, its unadjudicated exceptions to the report. By demanding jury trial prior to adjudication of the exceptions, the Court said, the exceptions became moot and were not subject to review on appeal. The same situation is not presented here. Neither party seeks review of any aspect of either appraisers' report, and Landowner himself admits that the appraisers' report was neither relevant nor admissible at trial

---

**3.** *Ward Petroleum Corp.* at ¶ 5, 64 P.3d at 1115.

¶ 18 *Scott* also dealt with a party's ability to simultaneously demand a jury trial and seek appellate review of the trial court's order confirming an appraisal after the party excepted to the report. The Court dismissed the appeal, finding that it was premature for lack of a final order. The opinion's only mention of waiver is its reference to the possibility of a landowner's waiver of any objection to the validity of an operator's lease—i.e., the operator's authority to be on the property at all—if the landowner did not file exceptions to the appraisal. Again, that situation is not presented here. For all the above reasons, we find no merit to Bays' waiver argument.

¶ 19 In its next proposition, Bays asserts the trial court erred by giving Instructions 7 and 9 (instead of Bays' proffered instruction) and by using the verdict form. Instructions 7 and 9 state:

### INSTRUCTION NO. 7

Plaintiff has admitted responsibility for damages Defendant sustained as a result of the drilling of an oil and gas well on Defendant's property. The issue in this case to be determined by you is what damages Defendant should recover to compensate him for Plaintiff's drilling of an oil and gas well on Defendant's property.

### INSTRUCTION NO. 9

Plaintiff is responsible for only such damages as it has caused. If you find that some portion of the damage to Defendant's property resulted from some other cause, you must consider such other cause in your determination of damages.

Bays' proposed instruction, which was denied, stated:

### DETERMINATION OF AREA DAMAGED

You are instructed that [Bays] admits that its actions in drilling and maintaining the oil and gas well located on the 10 acres ... necessarily damaged the surface of this 10 acres and you are to determine the amount of damage done by [Bays] to the surface of this ten acre tract.

You are further instructed that [Bays] denies that its actions in drilling and maintaining the oil and gas well located on the 10 acres, damaged the remaining 130 surface acres of [Landowner] and you are to determine if [Bays] damaged the remaining 130 surface acres by drilling and maintaining an oil and gas well on the 10 acre tract, and if so, the amount of such damage.

¶ 20 Bays claims Instruction No. 7 was misleading by suggesting that Bays admitted causing damage to all of Landowner's property rather than just the 10 acres where the Lacy well was drilled. Bays contends Instruction No. 9 fails to distinguish between alleged damages Bays may have caused by drilling that well and by alleged damages Bays may have caused by other wells it drilled on Landowner's property.

¶ 21 Regarding Instruction No. 9, Bays' argument ignores the clear language of Instruction No. 8 which specifically tells jurors they "may not consider damages, if any, caused in connection with operations on, or the drilling of, any previous well by [Bays] or any other parties." As to Instruction No. 7, while we agree with Bays that its own requested instruction was clearer in describing the extent to which Bays admitted damage occurred, we cannot say that Instruction No. 7, or the instructions as a whole, erroneously stated the law, misstated agreed facts, mislead the jury into reaching a conclusion it would not otherwise have reached, resulted in a miscarriage of justice, or otherwise substantially violated Bays' statutory or constitutional rights. *See Knight v. Estes*, 1963 OK 169, 383 P.2d 879.

¶ 22 We also find no error regarding the verdict form used. The trial transcript reveals Bays made its position concerning damages to areas outside the 10 acres well known to the jury, and the verdict form clearly gave the jury an opportunity to limit damages to the 10–acre tract. In addition, Bays did not preserve this issue for appeal because it failed to object to the verdict form at the time of trial. *Morgan v. Okla. Natural Gas*, 1977 OK 49, ¶ 4, 561 P.2d 1363, 1365.

¶ 23 In its final proposition, Bays claims error in allegedly prejudicial comments made by Landowner's counsel during closing argument. The Supreme Court has held that counsel is allowed exceedingly wide latitude in opening and closing statements, subject to the trial court's control and the limitations imposed by the court's own well-exercised discretion. *See Lerma v. Wal–Mart Stores, Inc.,* at ¶ 20, 148 P.3d at 885. "There must be a showing that counsel's conduct substantially influenced the verdict and/or denied the defendant a fair trial." *Id.*

¶ 24 We have reviewed the comments to which Bays objects, and are unable to find that they substantially influenced the verdict in a way that was prejudicial or harmful to Bays. Moreover, the trial court admonished the jury to ignore the statement to which Bays objects most: Landowner's counsel's request that the jurors "send a message" to Bays about its future actions. "Ordinarily an admonition to the jury to disregard an improper argument cures any prejudice which might be created thereby since it cannot be presumed as a matter of law that the jury will fail to heed the admonition given by the court." *Middlebrook v. Imler, Tenny & Kugler M.D.'s, Inc.,* 1985 OK 66, ¶ 29, 713 P.2d 572, 583. We find nothing in the record indicating a failure to heed the warning.

¶ 25 Accordingly, we reject all allegations of error by Bays seeking reversal of the trial court's judgment on the jury's verdict. Therefore, the judgment is affirmed.

### *Landowner's Counter–Appeal*

¶ 26 In a somewhat lengthy written order, the trial court denied Landowner's application for costs and attorney fees. Essentially, the court found that it lacked authority to award Landowner such costs under the explicit language of the Surface Damages Act, and that it could not look to railroad condemnation law for such authority. The trial court implicitly rejected the holding of a 1992 case, *TXO Prod. Corp. v. Stanton,* 1992 OK CIV APP 101, 847 P.2d 821.

¶ 27 In their appellate briefs, both parties extensively debate the merits of the *Stanton* decision, where another division of the Court of Civil Appeals held that a landowner, who demanded a jury trial and received a verdict exceeding the appraisers' award by more than 10 percent, was entitled to recover attorney fees under the statute governing railroad condemnations. The *Stanton* Court reasoned that although § 318.5(F) did not specifically authorize an award of fees, the state legislature "did not intend to restrict the recovery of attorney fees to situations covered by § 318.5(F), but contemplated application of 66 O.S.1991 § 55(D), by virtue of the kindred nature of those actions and the reference to the railroad condemnation statutes in § 318.5(F)." *Id.* at ¶ 4, 847 P.2d at 822.

¶ 28 We agree with the holding of *Stanton* that the legislature intended to authorize costs and attorney fees by virtue of its incorporation of the procedures of railroad condemnation proceedings as to trials and judgments conducted under the Surface Damages Act, in §·318.5(F). However, we also find that allowance of costs and attorney fees to a jury-demanding landowner is perfectly consistent with the language of the Act as interpreted by prior holdings of the Oklahoma Supreme Court in analogous situations.

¶ 29 Under 52 O.S. Supp.2006 § 318.5(F), the only way that recovery of costs, including attorney fees, may be had is if a party makes a demand for a jury trial. *Beasley Oil Co. v. Nance,* 1990 OK CIV APP 99, ¶ 4, 801 P.2d 745, 746; *see also Tower Oil & Gas Co. v. Paulk,* 1989 OK 105, 776 P.2d 1279; *Andress v. Bowlby,* 1989 OK 78, 773 P.2d 1265. In *Paulk,* the Court characterized "the filing of the demand for jury trial" as "the activating event" for a landowner's recovery of costs and fees. *Paulk* at ¶ 5, 776 P.2d at 1281. Although the facts of *Paulk* involved an operator which initially demanded jury trial and then withdrew its demand right before trial, the Supreme Court did *not* hold that the surface owner's recovery of costs and fees *depended upon* the *operator* having made the demand. Rather, the Court simply held that the operator could·not escape liability for costs and attorney fees by making a demand for trial and then, at the eleventh hour, withdrawing it—which was tantamount to failing

to recover a verdict more favorable than the appraisers' award.

¶ 30 Similarly, in *Andress,* the Court awarded attorney fees to a surface owner who recovered a more favorable verdict than the appraisers' award, after an operator withdrew its jury trial demand. The Court in *Andress* relied heavily on the case of *Oklahoma City Urban Renewal Authority v. Lindauer,* 1975 OK 58, 534 P.2d 682, a case involving interpretation of a railroad condemnation provision which, at the time *Lindauer* was decided, was virtually identical to the statutory provision from the Surface Damages Act which is at issue in the case at bar. At issue in *Lindauer* was 66 O.S.1971 § 55, which at that time provided, in part (A), that:

> The report of the commissioners may be reviewed by the district court, on written exceptions filed by either party ... or either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court. *If the party demanding such trial does not recover a verdict more favorable to him than the assessment of the commissioners, all costs in the district court may be taxed against him.* (Emphasis added).

This provision is almost identical to the language of 52 O.S. Supp.2006 § 318.5(F), except that § 318.5(F) provides:

> If the party demanding the jury trial does not recover a more favorable verdict [than the appraisers' award], all court costs *including reasonable attorney fees* shall be assessed against the party. (Emphasis added).

¶ 31 In *Lindauer,* as in the instant case, the property owners demanded a jury trial and the condemning authority did not. The property owners recovered more from the jury than the commissioners' award. The Court found the property owners were entitled to an award of the costs of the jury trial, interpreting § 55, quoted above, as follows:

> Either party aggrieved by the commissioners' award may have the damages determined by a jury. If such party re-ceives a verdict in excess of the commissioners' award, then that party is entitled to recover cost of the jury trial. If such party is unsuccessful, the court may, at its discretion, tax the cost to that unsuccessful party. In the instant case, the appellant owners were successful in increasing the commissioners' award and are entitled to recover cost of the jury trial.

*Lindauer,* 1975 OK 58 at ¶ 11, 534 P.2d at 685.

¶ 32 The Court denied the property owner's request for expert witness fees, however, because § 55 at that time did not include attorney or expert witness fees as part of costs. *Id.* at ¶¶ 12–13, 534 P.2d at 685. Section 318.5(F), on the other hand, *does* include attorney fees as part of costs; therefore, consistency with the holding of *Lindauer* requires an interpretation that would allow Landowner in the case at bar to recover his costs of trial, including reasonable attorney fees as allowed by statute.

¶ 33 Accordingly, we find the trial court erred in its refusal to award costs and attorney fees to Landowner. Therefore, its decision on that issue is reversed and remanded for further proceedings.

## CONCLUSION

¶ 34 The trial court's judgment awarding Landowner $40,000 total surface damages is affirmed. The judgment denying costs and attorney fees to Landowner is reversed and remanded with directions to conduct proceedings to determine the costs and reasonable attorney fees to be awarded to Landowner.

¶ 35 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

GOODMAN, J., and REIF, J., concur.