2009 OK CIV APP 51

**OKMULGEE COUNTY RURAL WATER DISTRICT NO. 2, an agency and legally constituted authority of the State of Oklahoma, Plaintiff/Appellant,**

v.

**The BEGGS PUBLIC WORKS AUTHORITY, a public trust, Bill Wilburn, Yvonne Cox, Tom Newton and Gerald Bivins, Defendants/Appellees.**

No. 105,687.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 16, 2009.

Certiorari Denied April 27, 2009.

Steven M. Harris, Michael D. Davis, Doyle Harris Davis & Haughey, Tulsa, OK, for Appellant.

James C. Milton, Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa, OK, for Appellee Beggs Public Works Authority.

David L. Weatherford, Birmingham, Morley, Weatherford & Priore, P.A., Tulsa, OK, for Appellees Wilburn, Cox, Newton and Bivins.

**LARRY JOPLIN, Judge.**

¶1 Plaintiff/Appellant Okmulgee County Rural Water District No. 2 (Okmulgee) seeks review of the trial court's order granting the motion for partial summary judgment of Defendant/Appellee Beggs Public Works Authority, a public trust (Beggs). In this accelerated review proceeding, Okmulgee complains the trial court erred in holding Beggs' violation of the Oklahoma Open Meeting Act (OMA), 25 O.S. §§ 301, et seq., § 303, rendered its Water Purchase Contract with Beggs unenforceable.

¶2 In 2001, Okmulgee and Beggs entered into a forty (40) year contract for Beggs' sale of water to Okmulgee, and Okmulgee sought federal funding for the improvement and extension of its infrastructure. As a condition of Okmulgee's financing, the United States Department of Agriculture required several changes in the contract.[1]

¶3 On June 7, 2004, Beggs held a meeting of its governing board, and the chairman executed a Water Purchase Contract reflecting the changes required by the USDA. On July 20, 2004, Beggs' governing board met and approved the contract. However, no notice of Beggs' intent to execute or approve the contract was listed on the agendas for either meeting, apparently because Beggs' attorney had advised the governing board that the issue was properly determined as an unlisted item of "old business." Okmulgee approved and executed the Water Purchase Contract on August 2, 2004.

¶4 On December 20, 2005, Okmulgee closed on the USDA financing, and proceeded with the financed improvements, including construction and connection of a supply line to Beggs. Beggs, however, later refused to provide water to Okmulgee, challenging the 2004 contract as invalid for its failure of OMA notice compliance.

¶5 In February 2007, Okmulgee commenced the instant action against Beggs and the individual members of Beggs' governing board, Defendants Wilburn, Cox, Newton and Bivins. In eight "counts," Okmulgee sought: a declaratory judgment of the validi-

---

1. Particularly, designating Beggs as a "supplier obligated to sell" and requiring Beggs to bear its proportionate share of any water supply shortages.

ty and enforceability of the 2004 contract,[2] or, if invalid, the validity and enforceability of the 2001 contract;[3] Beggs' breach of both the 2004 and 2001 contracts;[4] injunctive relief compelling Beggs' compliance with the 2004 contract, or, if invalid, the 2001 contract;[5] and, liability for damages of the individual Defendants on account of their willful violation of the OMA[6] and the negligent misrepresentation of their proper approval of the 2004 contract.[7] The trial court issued a temporary restraining order requiring Beggs' sale of water to Okmulgee pending outcome of the litigation.

¶ 6 Beggs filed a motion to dismiss and motion for partial summary judgment. Beggs challenged the 2004 contract as invalid and unenforceable for its failure to comply with the notice requirements of the OMA, 25 O.S. § 303, and presented evidentiary materials in support. Okmulgee responded, presenting evidentiary materials argued to show Beggs' proper consideration and approval of both the 2004 and 2001 contracts, and its reliance on the executed contracts to obtain financing for the completed construction of pipeline infrastructure, including the construction of a supply line to Beggs. Okmulgee also asserted a counter-motion for summary judgment, arguing the evidentiary materials demonstrated validity and enforceability of the water contracts.

¶ 7 The parties stipulated that, if the trial court determined the 2004 contract was unenforceable, the parties would be bound by the terms of the 2001 contract. On consideration of the parties' submissions, the trial court held that the OMA applied to Beggs, that Beggs violated the notice provisions of the OMA prior to its execution and approval of the water purchase contract in 2004, and the failure of OMA notice invalidated the 2004 contract. The trial court consequently granted partial summary judgment to Beggs on Counts I, II and III of Okmulgee's petition, disposing of all claims based on the 2004 contract.

¶ 8 Beggs then filed a Motion for Entry of Section 994(A) Final Order Dismissing All Claims of Okmulgee.[8] Okmulgee filed a Motion to Certify Order for Interlocutory Appeal, also seeking entry of a final order under § 994.[9],[10]

¶ 9 On consideration of the parties' submissions, and finding no just reason for delay, the trial court directed entry of a final appealable order granting partial summary judgment to Beggs' on Counts I, II and III of Okmulgee's petition, i.e., those related to enforcement of the 2004 contract.[11] Okmulgee appeals, and the matter stands submitted on the trial court record.[12]

¶ 10 Okmulgee's claims based on the 2001 contract, and against the individual Defendants, are wholly separate and distinct from its claims based on the 2004 contract. The trial court's order granting Beggs' motion for partial summary judgment completely disposed of all of Okmulgee's claims

2. Count I.

3. Alternate Count VI.

4. Count II (2004 contract); Alternate Count VII (2001 contract).

5. Count III (2004 contract); Alternate Count VIII (2001 contract).

6. Alternate Count IV.

7. Alternate Count V.

8. Beggs argued that, inasmuch as (1) the trial court granted partial summary judgment on Counts I, II and III, (2) Counts IV and V stated no claims against it, and (3) the parties stipulated to performance under the 2001 contract, the subject of Counts VI, VII and VIII, there remained no claims against it for adjudication.

9. Okmulgee argued that resolution of the question of enforceability of the 2004 contract, determined on Beggs' motion for partial summary judgment, would effectively dispose of all other "alternative" claims based on the 2001 contract and against the individual Defendants, and accordingly, there was no just reason for delay in entry of a final appealable order.

10. Okmulgee also sought, and the trial court permitted, withdrawal of its stipulation to performance under the 2001 contract.

11. The trial court reserved ruling on the remaining counts based on the 2001 contract and against the individual Defendants.

12. See, Rule 13(h), Rules for District Courts, 12 O.S.2001, Ch. 2, App.; Ok.S.Ct.R. 1.36, 12 O.S. 2001, Ch. 15, App.

against Beggs based on the 2004 contract, and constitutes a final order under 12 O.S. § 994(A). *See, e.g., Oklahoma City Urban Renewal. Authority v. City of Oklahoma City,* 2005 OK 2, ¶¶ 10–12, 110 P.3d 550, 557. The trial court expressly directed preparation of a final order on a finding of no just reason for delay, and the trial court's order granting partial summary judgment is final and appealable.

¶ 11 "Summary judgment is warranted only when 'there is no substantial controversy as to the material facts and ... one of the parties is entitled to judgment as a matter of law[.]' " *Wylie v. Chesser,* 2007 OK 81, ¶ 3, 173 P.3d 64, 66. (Citation omitted.) "For summary judgment for a party to be appropriate the evidentiary materials submitted must demonstrate undisputed facts on material issues supporting but a single inference in favor of that party." *Id.*

¶ 12 "In reviewing a summary judgment grant an appellate court engages in a plenary, independent and non-deferential re-examination of the trial court's ruling, *i.e.,* a *de novo* review." *Wylie,* 2007 OK 81, ¶ 3, 173 P.3d at 66. That is, we will canvass the record to determine what facts are material and whether there is substantial controversy as to any material fact. *Sperling v. Marler,* 1998 OK 81, ¶ 3, 963 P.2d 577, 579. If we find a controversy of any material fact, or that reasonable people might differ on the conclusion to be drawn from the uncontroverted facts, summary judgment should be reversed. *Lowery v. Echostar Satellite Corp.,* 2007 OK 38, ¶ 11, 160 P.3d 959, 963–964; *Gaines v. Comanche County Medical Hosp.,* 2006 OK 39, ¶ 4, 143 P.3d 203, 205.

¶ 13 The OMA establishes "the public policy of the State of Oklahoma to encourage and facilitate an informed citizenry's understanding of the governmental processes and governmental problems." 25 O.S. § 302. To that end:

All meetings of public bodies, as defined hereinafter, shall be held at specified times and places which are convenient to the public and shall be open to the public, except as hereinafter specifically provided. All meetings of such public bodies, ..., shall be preceded by advance public notice

specifying the time and place of each such meeting to be convened as well as the subject matter or matters to be considered at such meeting, as hereinafter provided.

25 O.S. § 303. Relevant to this appeal, and as used in the OMA:

"Public body" means the governing bodies of all municipalities located within this state, boards of county commissioners of the counties in this state, boards of public and higher education in this state and all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committees, public trusts or any entity created by a public trust, task forces or study groups in this state supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public property, and shall include all committees or subcommittees of any public body....

25 O.S. § 304(1).

■ ¶ 14 The uncontroverted evidence demonstrates that the water authorities of both Okmulgee and Beggs, created to provide a safe water supply to their respective customers, provide "services [that] are used by the public, ... [their] activities are of public consequence," and both are "a public business, or a business effected with a public interest." *Oklahoma City Mun. Imp. Authority v. HTB, Inc.,* 1988 OK 149, ¶ 23, 769 P.2d 131, 136. The governing boards of both Okmulgee and Beggs are clearly "public bodies" subject to the notice provisions of the OMA.

■ ¶ 15 That said, "[a]ny action taken in willful violation of [OMA] shall be invalid." 25 O.S. § 313. For purposes of § 313, "[w]ilfullness does not require a showing of bad faith, malice, or wantonness, but rather, encompasses *conscious,* purposeful *violations of the law* or blatant or deliberate disregard of the law *by those who know, or should know the requirements of the Act.*" *Rogers v. Excise Bd. of Greer County,* 1984 OK 95, ¶ 14, 701 P.2d 754, 761; *In the Matter of Order Declaring Annexation Dated June 28, 1978,* 1981 OK CIV APP 57, ¶ 29, 637 P.2d 1270, 1275. (Emphasis added.) Indeed, "the term 'willful' ... include[s] any act or omis-

sion which has the effect of actually deceiving or misleading the public regarding the scope of matters to be taken up at the meeting[,][and] ... includes agency action which exceeds the scope of action defined by the notice." *Haworth Bd. of Ed. of Independent School Dist. No. I-6, McCurtain County v. Havens,* 1981 OK CIV APP 56, ¶ 10, 637 P.2d 902, 904. So, when a public body takes action without proper OMA notice, the action is invalid. *In the Matter of Annexation,* 1981 OK CIV APP 57, ¶¶ 30, 32, 637 P.2d at 1275; *Haworth Bd. of Ed.,* 1981 OK CIV APP 56, ¶ 14, 637 P.2d at 904.

¶ 16 In the present case, the undisputed evidence shows that the chairman of Beggs' governing board executed the 2004 contract at its meeting on June 7, 2004, but the posted agenda for that meeting did not list the Water Purchase contract as an item for consideration. The undisputed evidence further shows that Beggs' governing board approved the 2004 contract at its meeting on July 20, 2004, but, again, the posted agenda for that meeting did not list approval of the Water Purchase contract as an item for consideration.

¶ 17 It is also clear that its attorney advised Beggs' governing board that the Water Purchase contract could be properly considered and approved as an unlisted item of "old business," although the OMA does not define the term. However, any construction of the OMA which would permit a public body's consideration of an item not listed on its posted agenda, apart from "new business" "not known about or which could not have been reasonably foreseen prior to the time of posting" allowed by 25 O.S. § 311(A)(9), totally vitiates the underlying mandate of the OMA to notify the public of the time and place of meetings of a public body, and the matters the public body intends to consider. Any reading of the OMA notice provisions to permit consideration of *unspecified* "old business," in our opinion, "has the effect of actually deceiving or misleading the public regarding the scope of matters to be taken up at the meeting," and invites "agency action which exceeds the scope of action defined by the notice." *Haworth Bd. of Ed.,* 1981 OK CIV APP 56, ¶ 10, 637 P.2d at 904.

¶ 18 The plain language of § 303 mandates the posting of a notice of the matters to be considered at a meeting of a public body. The failure of Beggs' governing board to post proper notice of its intent to consider the execution and approval of the water contract with Okmulgee, although based on advice of counsel, constitutes a "willful," "conscious" violation of the OMA "by those who know, or should know the requirements of the Act." *Rogers,* 1984 OK 95, ¶ 14, 701 P.2d at 761. Absent posted notices of its intent to consider the 2004 water contract, Beggs' execution and approval of the 2004 contract is invalid as "exceed[ing] the scope of action defined by the notice[s]." *Haworth Bd. of Ed.,* 1981 OK CIV APP 56, ¶ 10, 637 P.2d at 904.

¶ 19 We therefore hold the trial court correctly granted partial summary judgment to Beggs on all of Okmulgee's claims based on the 2004 contract. The order of the trial court is AFFIRMED.

HANSEN, P.J., and MITCHELL, C.J., concur.