2011 OK CIV APP 103

**OKMULGEE COUNTY RURAL WATER DISTRICT NO. 2, Plaintiff/Appellee,**

v.

**The BEGGS PUBLIC WORKS AUTHORITY, Defendant/Appellant,**

and

**Bill Wilburn, Yvonne Cox, Tom Newton, and Gerald Bivins, Defendants.**

No. 108,273.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 27, 2011.

Certiorari Denied Sept. 20, 2011.

Steven M. Harris, Michael D. Davis, Doyle, Harris, Davis & Haughey, Tulsa, Oklahoma, for Plaintiff/Appellee.

James C. Milton, Doerner, Saunders, Daniel & Anderson L.L.P., Tulsa, Oklahoma, for Defendant/Appellant, Beggs Public Works Authority.

David L. Weatherford, Birmingham, Morley, Weatherford & Priore, P.A., Tulsa, Oklahoma, for Defendants/Appellants, Bill Wilburn, Yvonne Cox, Tom Newton, and Gerald Bivins.

CAROL M. HANSEN, Judge.

¶1 In 2007, the Okmulgee County Rural Water District No. 2 [District] sued the Beggs Public Works Authority [Authority] and individual members of Authority's governing board, Defendants Wilburn, Cox, Newton, and Bivins, alleging, in part, Authority had breached the provisions of a water purchase contract the parties signed in 2004. In its motion for partial summary judgment, Authority argued the 2004 contract was invalid and unenforceable for its own failure to comply with the notice requirements of the Oklahoma Open Meeting Act [OMA]. The trial court granted partial summary judgment in Authority's favor.[1] District appealed.

¶2 The Oklahoma Court of Civil Appeals affirmed the decision of the trial court. [*Okmulgee County Rural Water District No. 2 v. Beggs Public Works Authority*, 2009 OK CIV APP 51, 211 P.3d 225].[2] The Supreme Court denied certiorari and granted Authority's motion for appeal-related attorney fees, directing the trial court to determine the amount of fees to be assessed against District.

¶3 On April 5, 2010, the trial court entered an order awarding appeal-related attorney fees in favor of Authority and against District.[3] That same date, the trial court entered an order denying Authority's motion for trial-related attorney fees.

¶4 In its order, the trial court found, among other things: in lieu of an evidentiary hearing, the parties jointly filed stipulations for the trial court's consideration in determining the attorney fee application; 12 O.S. 2001 § 936 applies to the 2004 contract as a contract for the sale of goods;[4] 12 O.S.2001 § 936 prevailing-party status is available to Authority because it obtained a 12 O.S.2001 § 994(A) final judgment as to a properly-severed cause of action; and attorney fees in the amount of $57,198.33 are necessary and reasonable and based upon standard rates in the community.

¶5 However, the trial court also found "under the unique facts of this case" it was "not appropriate to award this fee ..." to Authority against District.[5] It emphasized it

---

1. The lawsuit dealt with issues regarding not only the 2004 water contract, but also a 2001 water contract between the parties. Those issues relating to the 2001 contract and against the individual Defendants are wholly separate and distinct from District's claims based on the 2004 contract. The trial court granted partial summary judgment to Authority on issues relating solely to the 2004 contract, disposing of all claims based on the 2004 contract. The order granting partial summary judgment constituted a final order under 12 O.S.2001 section 994(A).

2. The Court of Civil Appeals held the trial court properly granted partial summary judgment to Authority on all claims based on the 2004 contract.

3. The April 5, 2010, order assessing the appeal-related attorney fees is a separate document from the order on appeal here. The amount of appeal-related attorney fees assessed against District is not before the Court in this appeal.

4. The trial court also found, "This case involves claims relating to two (2) water purchase contracts, the 2001 Contract and the 2004 Contract. [Authority] was the prevailing party as to claims concerning the 2004 Contract. The issues relating to the 2001 Contract are still pending."

5. In this order, the trial court included its rationale from its order granting partial summary judgment in favor of Authority:
   The irony here has not escaped this Court: that [Authority] is asserting its own error as a

had found Authority violated the OMA, the violation was willful, as defined, and the 2004 contract was "not valid and enforceable." In considering Authority's argument that to deny it attorney fees would result in the fees being borne by Authority's "public," it found, "[t]he converse is also true: to grant the fees to [Authority] payable by [District] would result in the fees being paid by the [District] "public." The trial court reasoned, "[t]he Court is persuaded by the arguments of [District] ... that 'one should not benefit from one's own unlawful acts,' and that the 'law will not aid either party to an illegal contract, but will leave the parties where it finds them.'" Authority appeals this order.[6]

■ ¶ 6 The issue is whether Oklahoma law provides an exception to § 936 which would allow a trial court to withhold attorney fees from a prevailing party based on the prevailing party's conduct. When the reviewing court reviews the reasonableness of an attorney fee, it uses the abuse of discretion standard. However, when the reviewing court reviews the question of whether an attorney fee is authorized by law, it uses the *de novo* standard. *Bays Exploration, Inc. v. Jones,* 2007 OK CIV APP 111, 172 P.3d 217. This Court reviews this matter *de novo.*

■ ¶ 7 Authority submits it is entitled to a mandatory award of reasonable attorney fees pursuant to 12 O.S.2001 § 936.[7] In *American Superior Feeds, Inc., v. Mason Warehouse, Inc.,* 1997 OK CIV APP 43, 943 P.2d 171, the trial court ruled the plaintiff was not entitled to attorney fees because its conduct had caused the dispute.[8] Therefore, it could not recover under the contract provision that: "The BUYER agrees to pay reasonable attorney fees associated with any dispute which arises from this agreement." However, the Court of Civil Appeals held, "While fault can indeed be a basis to deny attorney fees under a contract provision, it is not a consideration for determining entitlement as a prevailing party '[i]n any civil action to recover on [a] contract relating to the purchase or sale of goods' under 12 O.S. 1991 § 936. An award of attorney fees to a prevailing party under § 936 is mandatory." "The decision to award attorney fees in [a § 936 case] is not discretionary." *Ellis v. Lebowitz,* 1990 OK 107, 799 P.2d 620.

¶ 8 Citing *Tillman v. Shofner,* 2004 OK CIV APP 40, 90 P.3d 582, District argues one who violates the law should not benefit from such violation. In *Tillman,* Tillman and her attorney, Shofner, conspired to defraud the

---

defense to avoid certain terms of the 2004 revised contract ... that it now deems unfavorable, after [District] (relied upon the revised contract) and spent large sums extending a line to the [Authority's] system for water. Unfairness is screaming. This Court's decision could not be sustained in the "private sector" (because of the defense of detrimental reliance, which defense is not available in the public sector). In the "public sector," however, the "public" is an innocent third party who must have notice and an opportunity to voice its opinion/objection in local government.... Under Oklahoma Law, the public right to the protections extended under the Open Meeting Law has priority in this unusual set of circumstances.

6. The counsel for the individual Defendants entered an appearance and filed a response to Authority's petition in error, stating, in part, "This appeal involves only issues between the Plaintiff District and Defendant/Appellant Beggs related to attorneys fees. The claims involving individual liability against the Trustees of the Beggs Public Works Authority remain pending in the District Court and the individual Defendants are not directly affected by the results of this appeal and will not file a brief herein."

7. Section 936 provides:

In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Although Authority requested both costs and attorney fees, the trial court's April 5, 2010, order does not address the amount or reasonableness of Authority's costs. Authority seeks only recovery of the attorney fees approved by the trial court as reasonable, in the amount of $57,198.33.

8. In *American Superior Feeds,* the plaintiff sought to recover money owed by the defendant under a firm purchase contract. In ruling the plaintiff was not entitled to recover attorney fees under section 936, it found the contract was "confusing and contradictory" with regard to damages.

U.S. Government. Both were sentenced in the U.S. District Court. Tillman sued Shofner for conversion and professional negligence. Shofner raised the defense of *in pari delecto* which is the general and universal rule "that where parties to an immoral or illegal transaction are *in pari delecto* with each other, each is estopped, as to the other, to take advantage of is own moral turpitude, illegal act, or criminal conduct for purposes of recovering damages for injuries sustained as a consequence of their joint wrong.... And as between parties *in pari delicto,* the law will aid neither but will leave them as it finds them." *Bowlan v. Lunsford,* 1936 OK 158, 54 P.2d 666. Holding Tillman was *in pari delecto* with Shofner, the Court of Civil Appeals affirmed the trial court's grant of summary judgment in favor of Shofner.

¶ 9 However, neither *Tillman, supra.,* nor District's other citations of authority deal with the defense of *in pari delecto* and its application to a request for attorney fees under § 936. The common law theory of *in pari delecto* may not be viewed as changing the express terms of § 936. 12 O.S.2001 § 2 provides:

> The common law, as modified by constitutional and statutory law, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma; but the rule of the common law, that statutes in derogation thereof, shall be strictly construed, shall not be applicable to any general statute of Oklahoma; but all such statutes shall be liberally construed to promote their object.

¶ 10 "The common law which in this state remains in full force unless some legislative enactment explicitly provides otherwise, may not be viewed as having been abrogated either by silence or mere implication." *Watson v. Gibson Capital, L.L.C.,* 2008 OK 56, 187 P.3d 735. Here, the express terms of § 936 explicitly provide for a mandatory award of attorney fees. The award of § 936 attorney fees is nondiscretionary. *Ellis v. Lebowitz, supra.*

¶ 11 Oklahoma law does not provide an exception to § 936 which would allow a trial court to withhold attorney fees from a prevailing party based on the prevailing party's conduct. The trial court erred in denying Authorities motion for attorney fees. *Bays Exploration, Inc. v. Jones, supra.*

¶ 12 The order of the trial court denying Authority its reasonable and necessary attorney fees is REVERSED AND REMANDED with directions to enter an order awarding Authority attorney fees in the amount of $57,198.33.

HETHERINGTON, P.J., and BELL, C.J., concur.