OSCN Found Document:MCKNIGHT et al. v. SEMI-PROS, INC. et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MCKNIGHT et al. v. SEMI-PROS, INC. et al.
2025 OK CIV APP 27
Case Number: 122060
Decided: 03/26/2025
Mandate Issued: 07/17/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2025 OK CIV APP 27, __ P.3d __

 

DAN'NIEL MCKNIGHT and DEVIN WORMUTH, Plaintiffs/Appellees
vs.
SEMI-PRO'S, INC. and KEVIN ROWLEY, Defendants/Appellants

APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA

HONORABLE TAMERA CHILDERS, JUDGE

AFFIRMED IN PART, REVERSED IN PART 

Kurt G. Arras, ARRAS LAW, Tulsa, Oklahoma, For Plaintiffs/Appellees,

John Anderson Jr., JOHN W. ANDERSON JR., P.C., Tulsa, Oklahoma, For Defendants/Appellants.

ROBERT D. BELL, CHIEF JUDGE:

¶1 Defendants/Appellants, Semi-Pro's, Inc. and Kevin Rowley, appeal the trial court's order awarding damages to Plaintiffs/Appellees, Devin Wormuth and Dan'niel McKnight, as well as the trial court's holding that each party bear its own attorney's fees. For the reasons set forth below, we affirm the trial court's award of damages to Plaintiffs, and we reverse and remand the trial court's judgment regarding the issue of attorney's fees for further proceedings consistent with this Opinion.

¶2 Plaintiffs filed a Small Claims Affidavit on November 21, 2022, alleging negligent injury to property against Defendant Semi-Pro's. Plaintiffs subsequently added Mr. Rowley as an individual defendant, as he is the individual owner and sole shareholder of Semi-Pro's. Plaintiffs sought $10,000.00 in damages, alleging that their 1996 Safari Sahara RV ("Sahara") sustained weather-related damage while stored on Defendants' property, where it had been left for brake repairs by Plaintiffs' father in July 2021. Defendants, unable to complete the repairs, permitted Plaintiffs' father to leave the Sahara on the property until arrangements for its removal could be made.

¶3 Plaintiff McKnight took title to the Sahara on February 22, 2022, and contends that she requested Mr. Rowley complete the brake repairs, but he refused to do so without original parts. Despite attempts by McKnight to retrieve the Sahara, it remained on Defendants' premises until April 8, 2022. Plaintiffs were required to pay Defendants $1,125.00 for labor and services performed in diagnosing the Sahara's brake problems, despite the brakes not being fixed.

¶4 On March 20, 2023, Defendants filed an offer to allow judgment to be taken in the amount of $1,125.00 under 12 O.S. 2021 §1101.1

¶5 Defendants moved for a new trial on July 17, 2023, arguing that they could not be held legally responsible for the claimed weather damage under Oklahoma bailment law. On July 19, 2023, the trial court granted Defendants' motion for a new trial. At retrial on October 13, 2023, the Defendants demurred to the Plaintiffs' case. Specifically, Defendant argued that Oklahoma bailment law, upon which the Plaintiffs' case was grounded, provides no legal remedy for Plaintiffs' claims for weather damage to the Sahara because Defendants acted as a gratuitous bailee rather than a bailee for hire, and thus owed a lower standard of care.

¶6 The trial court granted Defendants' demurrer; however, the court also granted Plaintiffs a judgment for $1,125.00. The court ordered that each party bear the responsibility of their own attorney's fees. Defendants' motion for a judgment notwithstanding the verdict and Plaintiffs' motion to reconsider were denied. Defendants appeal the trial court's final order.

¶7 Defendants first contend that the trial court erred in awarding damages to Plaintiffs, as the trial court, having granted their demurrer, made the legal determination that Plaintiffs failed to prove any right to recovery. Because the Defendants challenge that the damages awarded are contrary to law, this is a question of law which we will review de novo. See Christian v. Gray, 2003 OK 1065 P.3d 591de novo review, this Court exercises its plenary, independent, and non-deferential authority to re-examine the district court's legal rulings. Kluver v. Weatherford Hosp. Auth., 1993 OK 85859 P.2d 1081

¶8 Despite the contradiction presented in both granting the Defendants' demurrer and awarding Plaintiffs damages, the factual record supports the damages awarded. Therefore, the legal error was harmless, as it did not affect the Defendants' substantive rights. Focusing on the substance of the case, rather than the misapplied legal framework, we find that Plaintiffs are entitled to the damages awarded. Plaintiffs brought the Sahara in for brake repairs, which Defendants refused to perform. Nonetheless, Plaintiffs were required to pay $1,125.00 to retrieve the Sahara from Defendants, even though the brakes were not repaired. Given these facts, it is evident that the price charged for the labor and services provided was excessive. Defendants should not be unjustly enriched while Plaintiffs bear the financial burden of an incomplete service. Accordingly, we affirm the award of damages to Plaintiffs.

¶9 The Defendants also contend that the trial court erred in determining that each party should bear their own attorney's fees. Defendants further assert entitlement to attorney's fees pursuant to either 12 O.S. 2021 §1101.112 O.S. 2021 §940de novo standard. Bays Exploration, Inc. v. Jones, 2007 OK CIV APP 111172 P.3d 217de novo whether the decision that each party bear their own attorney's fees was authorized by law.

¶10 Oklahoma follows the "American rule" that a party cannot recover attorney's fees unless provided by statute or contract. City Nat'l Bank & Trust Co. v. Owens, 1977 OK 86565 P.2d 4

If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff is less than one or more offers of judgment, the defendant shall be entitled to reasonable litigation costs and reasonable attorney fees incurred by the defendant with respect to the action or the claim or claims included in the offer of judgment from and after the date of the first offer of judgment which is greater than the judgment until the date of the judgment. Such costs and fees may be offset from the judgment entered against the offering defendant.

¶11 Here, it is undisputed that Defendants submitted an offer of judgment in the amount of $1,125.00 pursuant to Section 1101.1(B). Plaintiffs rejected the offer and did not counteroffer. At retrial, Plaintiffs were awarded $1,125.00, the exact amount as the offer of judgment. Section 1101.1(B) is silent on the issue of attorney's fees when a defendant's rejected offer for judgment matches the Plaintiffs' final award. However, the statute explicitly grants defendants a right to attorney's fees only when the awarded judgment is less than the offer. Because no statutory provision explicitly entitles Defendants to attorney's fees where the offer and the award are identical, Defendants are not entitled to such fees under this section.

¶12 Alternatively, Defendants argue entitlement to attorney's fees under §940(A), asserting that they are the prevailing party. Section 940(A) provides:

In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

¶13 Defendants dispute that Plaintiffs should be considered the prevailing party. However, under Oklahoma law, "a prevailing party as used in 12 O.S. §940Underwriters at Lloyd's of London v. North Am. Van Lines, 1992 OK 48829 P.2d 978Underwriters, the Oklahoma Supreme Court held that a defendant's success in limiting a plaintiff's damages does not entitle the defendant to prevailing party status. Id at 981. In the present case, Defendants prevailed on their demurrer to Plaintiffs' evidence. However, judgment was ultimately rendered for Plaintiffs in the amount of $1,125.00. Therefore, although the damages awarded were limited to $1,125.00 rather than the full amount Plaintiffs sought, that does not entitle Defendants to prevailing party status, as judgment was still rendered for the Plaintiffs. Accordingly, under §940(A), Plaintiffs are the prevailing party.

¶14 However, an award of attorney's fees under Section 940(A) is not automatic. Plaintiffs, as the prevailing party, have the opportunity to seek attorney's fees under Section 940(A), should they choose to do so. Plaintiffs must affirmatively request the attorney's fees in accordance with statute, which has yet to be done in this case. Therefore, the order of the district court with regard to attorney's fees is reversed and this matter is remanded for the limited purpose of permitting the Plaintiffs to submit their request for attorney's fees and for the court to determine if the amount of fees requested is warranted and appropriate.

¶15 AFFIRMED IN PART, REVERSED IN PART.

MITCHELL, J., concurs and DOWNING, P.J., concurs in part and dissents in part.

 

 

DOWNING, P.J., concurring in part and dissenting in part:

¶1 I respectfully concur in part and dissent in part. I would affirm the trial court, including its decision that each party is responsible for their own attorney's fees.

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105